351 So.2d 326 (1977)
MISSISSIPPI STATE TAX COMMISSION
v.
Mary Jane REYNOLDS
No. 49919.
Supreme Court of Mississippi.
October 26, 1977.
Rehearing Denied November 16, 1977.
William N. Lovelady, Jr., Jackson, for appellant.
James H. Fields, Meridian, for appellee.
Before SMITH, BROOM and LEE, JJ.
SMITH, Presiding Justice, for the Court:
On March 25, 1976 the disabilities of minority of Mary Jane Reynolds, a young woman born February 2, 1957, were removed generally by the Chancery Court of Lauderdale County under the provisions of Mississippi Code Annotated section 93-19-9 (1972). The decree, in addition to removing her disabilities generally and providing that in all respects she was empowered to do all acts in reference to her property and to make contracts, to sue and be sued, specifically provided, in the language of the statute, that Reynolds was empowered to engage *327 "in any profession or avocation, which he (she) could do if he (she) were twenty-one years of age."
On the date the decree was entered, Reynolds applied to the Holiday Inn at Meridian for a job as a cocktail waitress. As this would involve the handling of alcoholic beverages, it was necessary to file her personal record and fingerprints with the Alcoholic Beverage Control Division of the Mississippi State Tax Commission. The ABC refused, on account of her age, to approve her employment as a cocktail waitress. A copy of the decree removing her disabilities and allowing her to engage in any profession or avocation which she could engage in if she were, in fact, twenty-one years of age, was submitted to the ABC. Nevertheless, the ABC notified the Holiday Inn that Reynolds was not eligible for the employment she sought and she was, in consequence, denied employment. Reynolds requested a hearing before the Mississippi Tax Commission and this was granted and held on June 29, 1976. At the conclusion of the hearing Reynolds' application was denied by the Commission because she was not twenty-one years of age in fact, the Commission citing ABC Regulation 17 as the basis for its refusal. Regulation 17 provides:
No holder of a package retailer's permit shall have in his employ in the sale of alcoholic beverages or in the handling thereof (except to unload in sealed cartons, boxes, or similar shipping packages, which packages shall remain sealed at all times they are being handled) any person under the age of twenty-one (21) years, and no on-premises permittee shall allow any person under the age of twenty-one (21) years in his employ to handle alcoholic beverages in any manner whatsoever, but this regulation shall not prevent an on-premises permittee from employing persons under the age of twenty-one (21) years for the purpose of handling and selling food only, or working as an entertainer in such place of business.
The above regulation was adopted by the ABC under legislative authority granted under Mississippi Code Annotated section 67-1-37(h) (Supp. 1972), which provides that the ABC is authorized:
(h) To adopt and promulgate, repeal and amend, such rules, regulations, standards, requirements and orders, not inconsistent with this chapter or any law of this state or of the United States, as it deems necessary to control the manufacture, importation, transportation, distribution and sale of alcoholic liquor, whether intended for beverage or nonbeverage use in a manner not inconsistent with the provisions of this chapter or any other statute, including the native wine laws.
From the above action of the Mississippi Tax Commission Reynolds appealed to the Chancery Court. The chancellor reversed the Commission and ordered the ABC to approve Reynolds' application for employment in the specified job, notwithstanding Regulation 17.
The chancellor held that Mississippi Code Annotated section 93-19-9 (1972) disclosed a clear and unambiguous intention on the part of the legislature to allow the chancery court, after hearing evidence justifying the action, to remove the disabilities of minority of a minor generally, and in such a case specifically empowered the court to decree that the minor might engage "in any profession or avocation which he could do if he were twenty-one years of age."
Mississippi Code Annotated section 67-1-37(h) (Supp. 1972), which contains the grant of authority to the ABC to adopt regulations, contains within itself the specific restriction and limitation that such regulations or rules shall not be "inconsistent with ... any law of this state" or "inconsistent with ... any ... statute."
The general rule in the United States is that an agency's rule making power does not extend to the adoption of regulations which are inconsistent with actual statutes. 1 Am.Jur.2d Administrative Law § 133 (1962). As stated in Kansas Commission on Civil Rights v. City of Topeka Street Department, 212 Kan. 398, 401, 511 P.2d 253, 256, cert. denied 414 U.S. 1066, 94 S.Ct. 573, 38 L.Ed.2d 470 (1973):

*328 The regulation adopted by the administrative agency must lie within its competence to make; an administrative regulation may not contravene or nullify a controlling statutory enactment.
See also Crosby v. Barr, 198 So.2d 571, 573 (Miss. 1967) and Harris v. Alcoholic Beverage Control Appeals Board, 228 Cal. App.2d 1, 39 Cal. Rptr. 192, 195 (1964).
The decree of the chancery court removing Reynolds' disabilities of minority generally must be presumed to have been based upon evidence justifying and supporting it. The chancellor in such a case, that is, where disabilities of minority are removed generally and the minor granted the power and responsibility of contracting and of controlling and performing all acts in respect to his property and of engaging in any occupation as if the minor were, in fact, twenty-one years of age, must unquestionably have found from the evidence that the minor was of such maturity, sound judgment and intelligence that the entry of the decree was justified and proper. There is no magic which endows one with wisdom and discretion on one's twenty-first birthday. Many who are younger are wise, discreet and mature, while others who are older are not, and there may be a few who never will be. On the date of the decree removing her disabilities, Reynolds was slightly more than nineteen years, five months of age. This was about one and a half years beyond the time at which the law had imposed upon her the responsibilities of citizenship. In the eyes of the law she had become of sufficient maturity and judgment to vote in national and state elections at eighteen.
We have concluded that the chancellor reached the right conclusion and that although the ABC has power to adopt regulations, no regulation so adopted may be enforced where its enforcement would be in direct contravention of a clear and unambiguous statute.
Reynolds has cross-appealed contending that Regulation 17 is unconstitutional. However, it is unnecessary to the decision of this case that the question be decided.
AFFIRMED ON DIRECT AND CROSS-APPEALS.
PATTERSON, C.J., INZER, P.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.