Fred E. Buse appeals from a judgment of the Circuit Court of Lee County which affirmed an order of the Board of Review of the Mississippi Employment Security Commission. By stipulation this decision will control the rights of 112 others similarly situated.
On August 18, 1977, the Pennsylvania Tire Rubber Company (hereinafter Pennsylvania) began a company-wide "layoff" of employees at its Tupelo plant. Appellant Buse was an employee of Pennsylvania, as well as a member of Local Union # 845 of the United Rubber, Cork, Linoleum Plastic Workers of America. A collective bargaining agreement was in effect between Local # 845 and Pennsylvania which provided for vacation with pay to all qualified employees with one year minimum service. Appellant Buse was released from employment on October 30, 1977, and began receiving unemployment compensation one week after his last date of employment.
In furtherance of the collective bargaining agreement, Pennsylvania paid a lump sum vacation pay to all qualified employees on December 19, 1977. Appellant Buse received $525.23 from Pennsylvania for two weeks accumulated vacation pay for the past year.
The Mississippi Employment Security Commission (hereinafter commission) thereafter denied Buse unemployment compensation for the two-week period following such vacation payment. The commission, in denying unemployment compensation for the time following receipt of vacation pay, ruled the payment constituted "wages," and thereby eliminated unemployment benefits for the period.
The commission's ruling was appealed to an appeals referee who affirmed the order. The referee's decision was appealed to the board of review which affirmed the holding of the referee. Thereafter, the board's decision was appealed to the Circuit Court of Lee County which also affirmed. Buse now seeks review by this Court.
Buse first contends for reversal that the vacation pay was a gratuity or fringe benefit. In Livestock Feeds, Inc. v. LocalUnion # 1634, 221 Miss. 492, 73 So.2d 128 (1954), it was held that vacation pay was wages. Therefore, we are of the opinion this assignment has no merit.
In his second assignment of error Buse contends the lower tribunals erred in determining the time of receipt of vacation pay was decisive for payment of unemployment benefits. He argues the vacation wages were earned prior to discharge from employment and were not earned thereafter, and moreover, vacation pay was the subject of a collective bargaining agreement between the union and Pennsylvania. We are of the opinion Buse is correct on both theories.
Mississippi Code Annotated section 71-5-11(O)(1) (Supp. 1979), states in part:
 An individual shall be deemed "unemployed" in any week during which he performs no services and with respect to which no wages are payable to him . . . (Emphasis ours)
We think it obvious that no wages were payable to Buse in December, because he performed no services for Pennsylvania during that time. It logically follows, we think, that the wages to which he was entitled flowed from services rendered prior to *Page 602 
being released. Cf. Pet, Inc., Dairy Division v. Roberson,329 So.2d 516 (Miss. 1976). The administrative rule adopted by the Mississippi Employment Security Commission follows:
 1224. Accumulated Leave (Period Not Designated). Pay received by a claimant at or after the time of separation from an employer for accumulated leave is considered to be wages payable with respect to the week(s) which immediately follow the separation.
It is inconsistent with the legislative definition of "unemployment," because it specifies an individual shall be deemed unemployed if he performs no services for which wages are payable. The commission's administrative implementing order is contrary inasmuch as it provides for accumulated leave pay (wages) to be made the weeks immediately following release from employment. In our opinion, substantive law is not to be thwarted by administrative rules adopted for implementation of the legislative intent. Indeed, Mississippi Code Annotated section71-5-115 (1972), Duties and powers of commission, provides in part:
 Such rules and regulations shall be effective upon publication in the manner, not inconsistent with the provisions of this chapter, which the commission shall prescribe. . . . (Emphasis added.)
See also Mississippi State Tax Commission v. Reynolds,351 So.2d 326 (Miss. 1977), wherein the general rule in the United States is stated:
 [T]hat an agency's rule making power does not extend to the adoption of regulations which are inconsistent with actual statutes. . . . (351 So.2d at 327)
Additionally, the union and Pennsylvania had entered into an agreement affecting Buse's vacation pay. It specified and allowed vacation pay to all employees who qualified. It follows in part:
 (b) Employees entitled to a vacation who are laid off, terminated or who resign with two weeks notice shall be entitled to vacation pay at the time of exit. No employee shall be eligible for any vacation pay until he has worked one year; thereafter, he shall receive pro-rata vacation pay, if eligible, on the basis of 1/12th for each month of accrued service after the year. (Emphasis added.)
The agreement qualified Buse for vacation pay at the time of exit from employment, in our opinion.
Buse and the others similarly situated are entitled to unemployment compensation, because the vacation pay was wages earned during their employment and was also the subject of an express agreement entitling them to it at the time of their exit from such employment.
REVERSED AND RENDERED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.