635 So.2d 869 (1994)
Lawrence YOUNG
v.
MISSISSIPPI STATE TAX COMMISSION.
No. 91-CC-00535.
Supreme Court of Mississippi.
April 7, 1994.
*870 Rabun Jones, Gaines S. Dyer, Dyer Dyer Dyer & Jones, Greenville, for appellant.
Bobby R. Long, Leslie R. Brown, Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PITTMAN, Justice, for the Court:
Lawrence Young, a scale enforcement officer with the Mississippi State Tax Commission, hereinafter "MSTC", appeals from an order issued on May 15, 1991, by the Circuit Court of Hinds County, First Judicial District, reversing an order of the Mississippi Employee Appeals Board, hereinafter "EAB", issued July 11, 1990.
Except for a five (5) day suspension from work without pay, the EAB had upheld the findings of the Hearing Officer who ordered that Young be reinstated with back pay and benefits. The MSTC sought judicial review of the decision of the EAB via writ of certiorari to the Circuit Court of Hinds County which reversed the decisions of the Hearing Officer and the Full EAB.
In reversing the order of the EAB, the circuit judge held, inter alia, that (1) the EAB applied an incorrect legal standard or test for determining whether Young's words and acts amounted to insubordination and (2) the EAB should have applied the less rigorous standard found in State Personnel Board, hereinafter "SPB", regulations which themselves contain a definition of insubordination.
Young raises three (3) issues on appeal. (1) The circuit court erred when it held that the EAB could not reverse the MSTC's termination of Young on the ground the Commission had failed to institute a performance improvement plan; (2) the circuit judge misperceived the basis for the EAB's ruling concerning insubordination and, consequently, erred in holding that the EAB applied an incorrect legal standard in determining whether Young had been insubordinate to his superior; and (3) assuming for the sake of argument the circuit judge was correct in holding that the EAB applied an incorrect legal standard in determining insubordination, the judge erred in reversing the EAB and reinstating Young's termination without any determination that the action of the MSTC was itself based upon substantial evidence.
The circuit judge reached the right result in finding that implementation of a "performance improvement plan" was not a prerequisite for Young's termination.
The circuit judge was correct in finding that the EAB applied the wrong legal test for insubordination and that, therefore, the decision of the EAB was contrary to law.
The lower court, however, erroneously concluded that it was not permitted to review the transcript of the proceedings for the purpose of assessing the substantiality of the evidence. Accordingly, we remand this case to the Circuit Court of Hinds County for a determination of whether or not the action of the MSTC in terminating Young was supported by substantial evidence.

FACTS
This matter originated as a termination of the employment of Lawrence Young, a nine (9) year veteran with the MSTC. Young initiated an appeal through the Mississippi Employee Appeals Grievance System. The Employee Appeals Board (EAB) Hearing Officer who heard the appeal reinstated Young's employment based upon his finding of disparate treatment by the MSTC against Young.
The agency appealed the decision of the Hearing Officer to the Full Board of the EAB, which upheld the order of reinstatement of Young based upon its finding that (1) a mere verbalization of objections by Young did not rise to the level of a Group Two Offense because it did not reach the standard of insubordination and (2) the MSTC terminated Young without initiating a "performance improvement plan" in accordance with SPB requirements.
The MSTC sought review via a Petition for Writ of Certiorari, which was granted by the Circuit Court of Hinds County. The circuit judge, upon review, reversed the decisions of the EAB and upheld the agency's termination *871 of Young, who has appealed the lower court's reversal to this Court.
Section 9.10 of the SPB Policy Manual, dated 07-01-89, contains a schedule of offenses and authorized disciplinary actions applicable to state employees. These offenses are categorized into three groups  Group One, Group Two, and Group Three  depending upon the severity of the acts and behavior of the employee. According to the SPB's own published guidelines, two Group Two reprimands within a one (1) year period may result in demotion or dismissal.
Young received a pre-termination letter from Charles Marx, Chairman of the MSTC, describing four (4) incidents that were determined to involve Group Two Offenses under the policies, rules, and regulations of the State Personnel Board (SPB), namely: (1) Insubordination in that Young disregarded a verbal work assignment and left his assigned work site without permission during working hours; (2) insubordination due to Young's failure to follow his supervisor's directives to leave his patrol car at the Greenville scales; (3) insubordination due to Young's failure to perform assigned work, namely, cleaning the patrol car; and (4) insubordination by virtue of Young's failure to improve his work habits after being instructed by his supervisor to do so.
The Hearing Officer heard testimony on behalf of the MSTC from C.A. Marx, Chairman; Sylvester Ford, a scale enforcement supervisor for the Jackson District; David Eubanks, a scale enforcement supervisor for the Greenwood District; Donnie Flemming, Young's partner; and Ronnie Young, a scale officer with the MSTC. Lawrence Young testified as a witness in his own behalf.

A. Findings by the Hearing Officer
In his order issued on January 19, 1990, the Hearing Officer found as a fact that Young was a permanent employee and that his employment with the MSTC was terminated for four (4) individual violations involving Group Two Offenses. The Hearing Officer found that the discipline issued by the MSTC was "inconsistent" and that Young should not have received harsher methods of discipline in view of the fact that Flemming, his partner, only received a five (5) day suspension without pay. In short, the basis of the Hearing Officer's reinstatement of Young was the disparity, i.e., the disproportionality, in the treatment of Young and his partner.

B. Findings by the Full Board
In its order issued on July 11, 1990, the Full EAB also found as a fact that Young was terminated by the MSTC for alleged violations of four (4) Group Two Offenses: (1) Leaving his assigned work site without permission during working hours; (2) insubordination for failure to follow his supervisor's directives; (3) insubordination and failure to perform assigned work; and (4) insubordination and failure to perform assigned work and improve work habits.
Relying upon this Court's definition of "insubordination" found in Sims v. Board of Trustees, Holly Springs Municipal Separate School District, 414 So.2d 431, 435 (Miss. 1982), the Full EAB found that "a mere verbalization of objections does not reach the [Sims] standard of insubordination."
The EAB also expressed concern over the failure of Young's supervisor to initiate a "performance improvement plan" in accordance with State Personnel Board requirements or to otherwise document proper attempts to improve the performance of Young and Flemming.
Finally, the EAB found that the only distinguishing factor between the offenses of Young and Flemming was that Young was "verbally improper toward his supervisor." The EAB specifically found that verbal impropriety does not rise to the level of a Group Two Offense and should not have constituted a ground for termination where, as here, Young's partner was only given a five (5) day suspension.

C. Findings by the Circuit Court
The circuit judge, in his written opinion and order issued May 15, 1991, asserted that: (1) his authority on Writ of Certiorari was limited to the correction of errors appearing on the face of the record of the proceedings before the EAB; and (2) the "record" in this context was limited to the "moving papers" and the "written decision of the EAB" because the court was not permitted to review *872 the transcript of the proceedings to make an assessment of the substantiality of the evidence.
The circuit judge also held that Rule 20(B) of the EAB Administrative Rules (July 1989) was controlling as to the scope of authority of the EAB and that in view of Rule 20(B), before the EAB may alter a decision or action of a state agency, it is necessary that the EAB make a finding that (1) the agency's personnel action was not allowed under the policy, rules and regulations of the SPB or that (2) the agency did not act in accordance with the published policies, rules and regulations of the SPB.
The circuit judge concluded that the EAB applied an incorrect legal standard in that it relied upon the Sims definition of "insubordination" rather than relying upon the definition of "insubordination" found in the regulations of the SPB which the circuit court found to be applicable and controlling. According to the judge, the failure of the EAB to make a finding that the allegations involving Young's insubordination did not rise to the level of insubordination, as that term is defined in the rules and regulations of the SPB, was error.
The circuit judge further held that even if the EAB found that the MSTC should have implemented a "performance improvement plan", that finding was insufficient to warrant disturbing the decision of the MSTC inasmuch as the remaining Group Two Offenses, any two of which taken together, were sufficient grounds for termination.

DISCUSSION

1. Failure to Institute a Performance Improvement Plan
Rule 20(B) of the EAB's Administrative Rules dated July of 1989 addresses the relief that can be granted by the EAB. It reads as follows:
B. The Employee Appeals Board may modify an action of a responding agency but may not increase the severity of such action on the appealing party. If the responding agency has acted in accordance with the published policies, rules and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the Employee Appeals Board shall not alter the action taken by the agency. [emphasis supplied]
The EAB stated in its order that it had "problems" with the failure of Young's supervisor to initiate a "performance improvement plan" as per State Personnel Board requirements.
Young claims the circuit judge erred when he reversed the EAB on this point because there is substantial evidence in the record that the MSTC, contrary to Miss. Code Ann. § 25-9-103(d) and regulations of the SPB, terminated him without affording him the opportunity to correct any deficiencies in his job performance.
The thrust of Young's argument is that the MSTC failed to follow the published guidelines, rules, and regulations of the SPB in the termination of his employment and, therefore, the EAB had a clear mandate under its Rule 20(B) to modify the action of the agency. Young also contends the circuit court substituted its own interpretation of the statutes and regulations for that of the EAB, and (1) failed to give due deference to the EAB's interpretation of the law in its field of expertise and (2) erred as a matter of law in that its ruling directly contradicted applicable statutes and regulations. We do not agree and hold the circuit judge reached the right result.
Section 9.0 of the Mississippi SPB Policy Manual dated 07-01-89 and titled "Discipline and Corrective Action" requires the application of disciplinary action in steps of increasing severity "whenever practical."
Section 9.20 of the Policy Manual titled "Forms of Discipline" states in its first sentence that "[t]he appointing authority or designated representative shall take corrective action or formally discipline an employee who is guilty of an offense." [emphasis supplied]
Section 9.20.1 of the manual titled "Corrective Action Preliminary to Formal Disciplinary Action" states "[t]he appointing authority or a designated representative may attempt *873 to correct unacceptable behavior ..., `whenever practical,' prior to taking formal [disciplinary] action against an employee." [emphasis supplied]
By virtue of section 9.20.2 formal disciplinary actions include dismissal.
Section 9.20, which calls for corrective action or formal disciplinary measures, contemplates formal disciplinary action without the necessity of first implementing a "performance improvement plan" as a means of correcting misconduct or inefficiency. Section 9.20.1 is permissive in the sense that the agency may attempt to correct unacceptable behavior "whenever practical" prior to taking formal action against an employee. In short, a "performance improvement plan" is not mandated by SPB regulations. At best, corrective action is encouraged "whenever practical."
We are aware of our duty of deference to agency interpretation and practice in areas of administration by law committed to their responsibility. Nevertheless, agency fact finding and legal interpretation is subject to judicial review and where, as here, the conclusions reached by the EAB are contrary to law, this deference must give way.
The circuit court correctly found that the EAB could not reverse the termination of Young on the ground that the MSTC had failed to institute a "performance improvement plan."

2. Insubordination
The circuit judge found that the EAB had applied the wrong test for insubordination and that inasmuch as the SPB rules and regulations are applicable and controlling, the EAB would necessarily have to find that the allegations surrounding Young's insubordination did not rise to the level of insubordination as defined by SPB rules and regulations. The lower court correctly noted that no such finding was made by the EAB.
Young contends the EAB applied the correct test of insubordination to his conduct. He claims the pivotal inquiry is whether or not the finding of the EAB that Young did not commit a Group Two Offense was supported by substantial evidence. According to Young, the EAB was correct when it found that a verbal exchange, standing alone, does not amount to insubordination and that Young's verbal improprieties did not constitute Group Two Offenses, even under the SPB's definition of insubordination.
We agree with the observations made by the circuit judge that the EAB should have applied the definition of insubordination found in Section 9.10(B) of the Mississippi SPB Policy Manual in force at the time of Young's infractions.
Section 9.10(B) of the Policy Manual dated 07-01-89 defines "insubordination" as follows:
Group Two includes the following offenses:
1. insubordination, including, but not limited to, resisting management directives through actions and/or verbal exchange, and/or failure or refusal to follow supervisor's instructions, perform assigned work, or otherwise comply with applicable established written policy [emphasis supplied];
* * * * * *
5. leaving the work site without permission during working hours in the absence of a threat to life;
* * * * * *
In Sims v. Board of Trustees, Holly Springs Municipal Separate School District, 414 So.2d at 435, a case involving the termination of a teaching contract by the trustees of the school district, we approved the following definition of "insubordination":
A `constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority.'
The EAB clearly relied upon the Sims definition of "insubordination" when it found "that a mere verbalization of objections does not reach the standard of insubordination", therefore, verbal impropriety does not rise to the level of a Group Two Offense.
The definition approved by this Court in Sims was penned in an entirely different context and was not intended to be an exclusive and binding definition of insubordination. The SPB test appears to be a less stringent test than the one contained in Sims *874 where a "constant or continuing intentional refusal to obey a direct or implied order" is required.
The circuit judge was correct in concluding as a matter of law that the EAB should have applied the definition of insubordination found in Section 9.10(B) of the SPB Policy Manual. By virtue of the SPB's definition of insubordination, employee resistance of a directive may be by "verbal exchange" alone.
We agree with the circuit judge that in order for the EAB to find that Young's actions and/or verbal exchanges did not rise to the level of a Group Two Offense, the EAB would necessarily have to find that the allegations involving Young's insubordination did not rise to the level of insubordination as that term is defined by SPB guidelines, rules, and regulations. Because the EAB did not make this finding, it erred as a matter of law in concluding that Young's misconduct did not rise to the level of a Group Two Offense.

3. Substantial Evidence
Young contends that even if the circuit court correctly found that the EAB had applied an incorrect legal test in determining insubordination, the court erred in reversing the findings of the EAB and reinstating Young's termination without any finding or determination by the circuit court that the action of the MSTC was based upon substantial evidence. We agree.
The lower court, in delineating its powers on certiorari, opined: "[T]his court is not permitted to review the transcript of proceedings to make an a[ss]essment of the substantiality of the evidence." Citing Gill v. Mississippi Department of Wildlife Conservation, 574 So.2d 586 (Miss. 1990), Young claims the reasoning of the circuit judge was incorrect in that the reviewing court was required under Gill to assess the proof to determine whether or not there was substantial support for the holdings of the EAB. If not, says Young, the Board's decision was contrary to law, if not arbitrary and capricious.
Miss. Code Ann. § 25-9-132 (1991) allows any employee to seek judicial review of a decision of the employee appeals board. The statute is silent on the rights of the state department or agency. Where an employee has instituted an appeal of the decision of the EAB to the circuit court of the proper county, the scope of this Court's review of the circuit court
... shall be limited to a review of the record made before the employee appeals board or hearing officer to determine if the action of the employee appeals board is unlawful for the reason that it was:
(a) Not supported by substantial evidence;
(b) Arbitrary or capricious; or
(c) In violation of some statutory or constitutional right of the employee.
See Bertucci v. Mississippi Department of Corrections, 597 So.2d 643 (Miss. 1992).
In the case at bar, it is the employing authority or state agency, not an aggrieved employee of that agency, seeking judicial review of the EAB's decision. We held in Gill, 574 So.2d at 590, that limited judicial review via writ of certiorari is available to the state agency by virtue of Miss. Code Ann. § 11-51-93 when it is read in harmony with § 11-51-95.
In Gill we further opined:
Those limitations, as stated in Section 11-51-93, are that the [Circuit] Court shall be confined to the examination of "questions of law arising or appearing on the face of the record and proceedings." At first blush this would seem to pretermit any review of the facts and even our normal inquiry whether there may be substantial evidence to support the decision of the Employee Appeals Board. On the other hand, should the record and proceedings below reflect a decision wholly unsupported by any credible evidence, we would regard that decision as contrary to law and, as a matter appearing on the face of the record or proceedings, subject to modification or reversal. We thus are in our familiar posture of judicial review of administrative processes wherein we may interfere only where the board or agency's decision is arbitrary and capricious, accepting in principle the notion that a decision unsupported by any evidence is *875 by definition arbitrary and capricious. [Citations omitted with emphasis supplied]
Gill, 574 So.2d at 591.
In reversing the decision of the EAB and reinstating the MSTC's termination of Young, made no inquiry into the decision the EAB would have rendered had it applied the correct test for insubordination. The effect of this action of reversal and reinstatement of the MSTC's firing of Young is to uphold the integrity of the Commission's charges of insubordination as constituting Group Two Offenses without any finding of substantial evidence to support those charges.

CONCLUSION
The circuit judge reached the right result in finding that implementation of a "performance improvement plan" was not a prerequisite for Young's dismissal. The circuit judge was also correct in finding that the EAB applied the wrong legal test for insubordination. The lower court, however, erroneously concluded that it was not permitted to review the transcript of the proceedings for the purpose of assessing the substantiality of the evidence. We remand this case to the Circuit Court of Hinds County for a determination of whether or not the action of the MSTC in terminating Young was supported by substantial evidence.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
BANKS, J., not participating.