# IN THE COURT OF APPEALS 06/18/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-CC-01231 COA

**OCERETTA B. WILLIAMS AND MISSISSIPPI EMPLOYEE APPEALS BOARD**

**APPELLANTS**

**v.**

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. WILLIAM F. COLEMAN

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANTS:

DAROLD L. RUTLAND

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: KAY FROST

NATURE OF THE CASE: AGENCY-EMPLOYMENT

TRIAL COURT DISPOSITION: REVERSAL BY THE HINDS COUNTY CIRCUIT COURT OF THE DECISION RENDERED BY MISSISSIPPI EMPLOYEE APPEALS BOARD TO REINSTATE APPELLANT'S EMPLOYMENT WITH THE DEPARTMENT OF HUMAN SERVICES

BEFORE FRAISER, C.J., COLEMAN, AND SOUTHWICK, JJ.

COLEMAN, J., FOR THE COURT:

The Mississippi Department of Human Services (DHS) dismissed Oceretta B. Williams as an Area Social Work Supervisor for Region III, Hinds County, and she appealed her dismissal to the Employee Appeals Board (EAB). An EAB Hearing Officer ordered that Ms. Williams should not be terminated but instead reinstated to her employment and demoted with a thirty-day suspension without pay. DHS requested that the EAB, sitting en banc, review the Hearing Officer's decision, pursuant to which the full EAB affirmed "in all respects" the Hearing Officer's order. DHS petitioned the Hinds County Circuit Court to issue a writ of certiorari to the EAB for the purpose of reviewing its en banc decision which affirmed the Hearing Officer's order which reinstated Ms. Williams. The Hinds County Circuit Court granted certiorari to the EAB, reversed the EAB's en banc decision, and reinstated DHS's dismissal of Ms. Williams. Ms. Williams then appealed the circuit court's decision. We reverse the circuit court's order which reversed the EAB en banc order and reinstate the EAB en banc order.

## I. Facts

On November 1, 1988, DHS employed Ms. Williams as an Area Social Work Supervisor for Region III, Hinds County, which job she held until July 17, 1992 when DHS terminated her employment. Earlier, on June 5, 1992, DHS had served Ms. Williams with Notice of a Pre-Termination Conference set for June 23, 1992. In its Notice DHS made the following charge against Ms. Williams:

> You have allegedly failed to provide appropriate and necessary management of your assigned duties as well as required leadership, direction and supervision to social workers in your unit, which has resulted in negligence of the provision of specific social work intervention for children and families in many cases during the past twelve (12) to fifteen (15) months.

This charge was a Group III, Rule 22 offense, which is:

> [An] [a]ct of conduct occurring on or off the job which [is] plainly related to job performance and [is] of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

According to the State Personnel Board's published guidelines, one Group Three reprimand is sufficient to support a state employee's dismissal.

Ms. Williams requested in writing that DHS specify all allegations so that she might attempt to defend the charge made by the DHS, but DHS never responded to her request. After the DHS

conducted its Pre-Termination Conference on June 23, 1992, it notified Ms. Williams of her termination on June 30th. As we noted, the effective date of her termination was July 17, 1992. Ms. Williams appealed DHS's termination of her employment to the Mississippi Employee Appeals Board. On January 22, 1993, an EAB Hearing Officer conducted a hearing on Ms. Williams' appeal. Because DHS failed to respond to Ms. Williams' request to specify its charges, the EAB Hearing Officer restricted the evidence of DHS's charges to the two specific cases which had been the subject of the Pre-Termination Conference on June 23, 1992.

On June 29, 1993, the EAB Hearing Officer rendered his opinion and order in which he held that Ms. Williams should not be terminated but instead should be reinstated to her employment with a thirty-day suspension without pay and demoted. In part, the Hearing Officer's opinion and order read as follows:

> That plaintiff, through counsel, requested specific charges and the defendant did not comply.
>
> That as a result of its failure to comply with plaintiff's request for more specific charges, this board limited the defendant's case to allegations of failure to provide supervision to two social work cases . . . The effect of this limitation on defendant's case may never be known.
>
> That the defendant may have had enough evidence to terminate the employment but for the limitations set at this hearing.
>
> That in regard to the use of the 'catch-all' Group III offense, there is no lesser included violation that I could consider.
>
> That defendant did not abuse its discretion in terminating plaintiff, however, given the facts presented at this hearing De Novo, I find that plaintiff should not have been terminated based on the issues I have considered. The mitigating circumstances exist in that there was a back-log of cases that impact on the discipline that should be administered to plaintiff.
>
> That plaintiff's performance ratings indicated a steady decline in her performance as a supervisor and the defendant did prove sufficiently that it had serious concerns in regard to plaintiff's ability as a manager.
>
> . . . .
>
> That any violation of due process at the agency level which may have occurred was cured by the limitations set in this case by this board, and that the defendant acted well within the limitations provided.
>
> That the defendant did not abuse its discretion nor protract this litigation any more that

was necessary.

. . . .

That the allegations against the plaintiff were vague but sufficient to consider and make a finding.

That it would have been negligent on the part of the defendant to continue plaintiff in her position as a supervisor.

That plaintiff should not be terminated, but demoted to the position of social worker.

DHS requested an en banc review of its Hearing Officer's opinion and order, pursuant to which the EAB, sitting en banc, affirmed the Hearing Officer's opinion and order on April 7, 1994.

Pursuant to Section 11-51-95 of the Mississippi Code of 1972, the Department of Human Services petitioned the Circuit Court of Hinds County to issue a writ of certiorari to the EAB. On May 16, 1994, the circuit court issued its writ of certiorari with supersedeas, pursuant to which that court entered its opinion and order on October 14, 1994, in which it reversed the EAB's en banc decision and affirmed the DHS's termination of Ms. Williams' employment. The opinion and order of the circuit court stated in part as follows:

It is clear on the face of the order of the Employee Appeals Board that the Employee Appeals Board found as a matter of fact that a Group III offense was committed by Ms. Williams;

It is also clear that the Employee Appeals Board found as a matter of fact that the Mississippi Department of Human Services acted in accordance with the rules and regulations and policies of the Mississippi State Personnel Board;

Under the rules and regulations of the State Personnel Board termination is a penalty that may be imposed for the commission of a Group III offense.

Rule 20 (b) of the Administrative Rules of the Employee Appeals Board provides that the Employee Appeals Board may modify an action of a responding agency but may not increase the severity of such action on the appealing party. If the responding agency has acted in accordance with the established policies, rules and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the Employee Appeals Board shall not alter the action taken by the agency.

The legislature specifically granted the power to the State Personnel Board to adopt rules and regulations at Section 25-9-115 of Mississippi Code of 1972, as amended. . . .

In light of Rule 20 (b), it is clear that in order to alter the actions taken by the agency it would be necessary for the Employee Appeals Board to find that the agency's action was not allowed under the policies, rules and regulations of the State Personnel Board.

In the instant case, neither the hearing officer nor the Employee Appeals Board, sitting en banc, made any finding that the Department's action was not allowed under the State Personnel Board rules and regulations.

The Employee Appeals Board has no common law or inherent powers and has only such powers as have been granted to it by law. Therefore, the actions of the Mississippi Employee Appeals Board in failing to affirm the termination of Appellee, Oceretta Williams, and in placing her in the position of social worker was beyond the scope of the authority of the Board.

Ms. Williams filed her motion to reconsider which the circuit court denied by order dated October 31, 1994. Ms. Williams appeals from this order.

## III. Issues

Ms. Williams assigns the following three errors for our consideration in the hope that this Court might resolve them favorably to her position in this litigation:

1. Whether or not the decision of the Mississippi Employee Appeals Board should be deemed to be supported by substantial evidence where the transcript of the trial proceedings and Exhibits introduced into evidence were never filed with the Circuit Court for judicial review?

2. Whether the Circuit Court erred in reversing the decision of the Mississippi Employee Appeals Board without the benefit of the transcript of the trial proceedings and Exhibits never being made part of the record?

3. Whether the Circuit Court erred in reversing the decision of the Mississippi Employee Appeals Board without a specific finding that the Appellee's action of terminating Ms. Williams' employment was supported by substantial evidence?

This Court finds that all three of these issues are but restatements of what Ms. Williams argues is the fundamental issue in her appeal, *i.e.,* whether there was substantial evidence to support DHS's termination of her employment. As the first two issues indicate, the court reporter who transcribed the testimony adduced before the EAB Hearing Officer disappeared after she had completed but ten pages of the transcript, and those ten pages were for the conclusion of the hearing when the Hearing

Officer announced his findings and conclusions. It was from the findings and conclusions of the Hearing Officer that the DHS ultimately petitioned the circuit court to issue its writ of certiorari to the EAB. Ms. Williams understandably maintains that the circuit court erred in reversing the EAB's decision without a specific finding that DHS's action of terminating her employment was supported by substantial evidence because, of course, the circuit court cannot make such a finding if there is no transcript of the evidence from which to make the finding.

DHS counters with its own set of issues, which are as follows:

> 1. When the Circuit Court reviews a decision of the Mississippi Employee Appeals Board pursuant to a request for review made by a state agency, the standard for review is set out in Sections 11-51-93 and 11-51-95 of the Mississippi Code of 1972, as amended.

> 2. As a matter of law, the Mississippi Employee Appeals Board does not have the authority to reverse the decision of the Appellee agency who terminated the employment of the Appellant when the Employee Appeals Board found, as a matter of fact, that the Appellee had sufficient grounds for termination and had proved the grounds clearly and with sufficient evidence.

> 3. It is not error for the Circuit Court to reverse the decision of the Employee Appeals Board without the benefit of the transcript and exhibits of the Employee Appeals Board hearing when the face of the Employee Appeals Board Opinion and Order reflects, as a matter of fact and as a matter of law, that the Board exceeded the scope of its authority in reversing the agency's disciplinary action.

> 4. It is within the statutory authority of the Circuit Court to reverse the decision of the Employee Appeals Board without specifically finding that the agency's disciplinary action was supported by substantial evidence when the Board, which heard all the facts and the evidence and viewed the exhibits, issued an Opinion and Order which found, as a matter of fact, that the agency did have substantial evidence to take the disciplinary action that it took.

It is apparent that were this Court to look with favor on DHS's argument of these issues, the missing court reporter and her missing transcript of the evidence might become irrelevant.

## A. General Discussion

Before we undertake an issue oriented discussion in this opinion, the following general discussion is helpful, at least to us, in resolving this case. We attach paramount importance to who appealed at each stage of the appeal process. Ms. Williams appealed DHS's termination of her employment to the

EAB. DHS requested the EAB en banc review of the EAB Hearing Officer's findings and conclusions. From the EAB's order which affirmed those findings and conclusions, DHS petitioned the circuit court to issue its writ of certiorari to the EAB. Ms. Williams, who accepted the EAB Hearing Officer's demotion and thirty-day suspension without pay, did not appeal the EAB's en banc order which affirmed its Hearing Officer's findings and conclusions to the circuit court.

## 1. Employee's right of appeal

Section 25-9-132 establishes the right of a state employee who is aggrieved by an EAB decision to appeal that decision to the circuit court of the principal county of the employee's employment or the Circuit Court of the First Judicial District of Hinds County for the circuit court's review. However, as the Mississippi Supreme Court noted in *Gill v. Mississippi Department of Wildlife Conservation*, 574 So. 2d 586, 590 (Miss. 1990), Section 25-9-132 "is silent on the point of the rights of the state department or agency [to appeal]." Section 25-9-132 further provides that on the employee's appeal to the circuit court, "[t]he scope of review . . . shall be limited to a review of the record made before the employee appeals board or hearing officer to determine if the action of the employee appeals board is unlawful for the reason that it was: (a) [n]ot supported by any substantial evidence." Miss. Code Ann. § 25-9-132 (Supp. 1995).

In *Young v. Mississippi State Tax Commission*, 635 So. 2d 869, 870 (Miss. 1994), the Mississippi Supreme Court reversed the Hinds County Circuit Court's decision by which that court reversed the Mississippi Employee Appeals Board's reinstatement of Lawrence Young as an employee of the Mississippi State Tax Commission *Id.* at 870. The Mississippi Supreme Court reversed and remanded that case to the circuit court because that court declined to determine whether there was substantial evidence to support the Commission's decision to terminate Young's employment. Thus, *Young* appears to support Williams' argument on her third issue that the circuit court erred when it reversed the decision of the Mississippi Employee Appeals Board without a specific finding that the DHS's termination of her employment was supported by substantial evidence.

## 2. State agency's option to appeal via petition for grant of writ of certiorari

In *Gill v. Mississippi Department of Wildlife Conservation*, 574 So. 2d 586, 588 (Miss. 1990), on which we relied earlier, the Department of Wildlife Conservation (DWC) fired Gill, a conservation officer, on the very day that he graduated seventh in his Basic Law Enforcement Training Class. Gill appealed DWC's termination of his employment to the EAB, which reversed the DWC and returned Gill to his employment as a conservation officer. *Id.* at 589. DWC sought review in the Hinds County Circuit Court which considered the matter via writ of certiorari pursuant to Sections 11-51-93 and 11-51-95. *Id.* at 590.

The supreme court established that "limited judicial review via writ of certiorari is available to DWC" pursuant to Sections 11-51-93 and 11-51-95 because the Employee Appeals Board was a "tribunal inferior" within the meaning of Section 11-51-95. *Id.* However, it then observed that:

> [Section 11-51-93] empowers the circuit courts to make certiorari review of proceedings before a justice court and that in such cases *[t]he court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.*

*Id.* (emphasis added).

### 3. Summary of General Discussion

We summarize our general discussion by emphasizing that there are two distinct routes by which an EAB decision can reach the circuit court for that court's review. The first route is an appeal by the aggrieved employee pursuant to Section 25-9-132. That route requires the circuit court to determine, at the employee's instance, if there was substantial evidence to support the EAB's decision and, concomitantly, if there was substantial evidence to support the original decision made by the agency or department which the employee appealed to the EAB. Ms. Williams presents her three issues as though she had appealed to the circuit court from the EAB's decision to demote her and impose a thirty-day suspension without pay. Of course, she did not appeal to the Hinds County Circuit Court pursuant to Section 25-9-132. We assume that she did not appeal because she was satisfied to maintain her employment by DHS in accordance with the demotion and thirty-day suspension without pay which the EAB imposed.

DHS obtained the circuit court's review of the EAB's en banc decision pursuant to Section 11-51-95. As the supreme court emphasized in its *Gill* opinion, the circuit court shall be confined to the examination of "questions of law arising or appearing on the face of the record and proceedings." *Gill*, 574 So. 2d at 591. The circuit court's grant of a writ of certiorari pursuant to Section 11-51-95 precludes the agency or department which petitions for it from raising the issue of whether the EAB decision was supported by substantial evidence. DHS's issues are consistent with Section 11-51-95 and the *Gill* opinion; thus we now consider them.

### B. DHS's Issues

All four of the issues raised by DHS rest on whether the circuit court erred in reversing the decision of the EAB when the circuit court found as a matter of law that the EAB lacked the lawful authority to overturn DHS's decision to terminate Ms. Williams' employment. To support its position on this issue, DHS argues that the circuit court was "under a statutorily mandated duty to review the **judgments** of the Mississippi Employee Appeals Board, as per Section 11-51-95, and to examine **questions of law arising or appearing on the face of the record and proceedings** as per Section 11-51-93." DHS then argues that Section 25-9-115(c) mandates that the State Personnel Board (SPB) "[a]dopt and amend policies, rules and regulations establishing and maintaining the State Personnel System . . . ." Miss. Code Ann. § 25-9-115(c) (Supp. 1995). It then notes that Section 25-9-119 of the Mississippi Code of 1972, which creates the position of State Personnel Director, imposes the following duty on him:

> To submit for board approval proposed rules and regulations which shall require a uniform system of personnel administration within all agencies included in this chapter. Such rules and regulations, when approved by the board, shall be binding upon the state departments, agencies and institutions covered by this chapter and shall include provisions for the establishment and maintenance of . . . appeals . . . and all other phases of personnel

administration.

Miss. Code Ann. § 25-9-119(2)(c) (Supp. 1995). This Court adds that Section 25-9-129 provides that "[h]earings before the employee appeals board may be conducted by an individual hearing officer or by the board en banc, as provided in state personnel board rules." Miss. Code Ann. Sec. 25-9-129 (Supp. 1995). The point is that the EAB must function in compliance with and in obedience to the rules and regulations which the SPB adopts pursuant to Sections 25-9-115(c) and 25-9-119(2)(c).

DHS proceeds to point out that Rule 21B of the Mississippi Employee Appeals Board's Administrative Rules restricts the authority of the EAB to modify an action of an agency or department in the following language:

> The Employee Appeals Board may modify an action of a responding agency but may not increase the severity of such action on the appealing party. If the responding agency has acted in accordance with the published policies, rules, and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules, and regulations, the Employee Appeals Board shall not alter the action taken by the agency.

Mississippi Employee Appeals Board Administrative Rule 21B.

DHS stresses that Ms. Williams was charged with a Group III offense for which she could be dismissed and that the EAB sitting en banc found that "[DHS] did prove the Group III, Rule 11 violation, clearly and with sufficient evidence." It emphasizes that the EAB found that "DHS did not abuse its discretion in terminating [Ms. Williams]." Finally, DHS focuses on the EAB's finding that "[a]ny violation of due process at the agency level which may have occurred, was cured by the limitation set in this case by the board and that [DHS] acted well within the limitations provided." In its brief, DHS offers the following assertion to support its contention that we should affirm the circuit court's reversal of the EAB's en banc order which demoted and suspended Ms. Williams:

> The Mississippi Appeals Board reversed the Appellee/Responding agency's decision to terminate the employment of the Appellant, Oceretta B. Williams, **despite its own finding** that the Appellant had committed a Group III, Rule II violation; **despite its own finding** that the responding agency had not abused its discretion in terminating the Appellant; and **despite its own finding** that the responding agency had not violated the Appellant's right to due process. By reversing the Appellee's action in terminating the Appellant, the Board violated its own Administrative Rules. The authority of the Employee Appeals Board to reverse the decision of the responding agency is nil when the agency, in its discipline of an employee, has acted in accordance with the policies, rules, and regulations of the State Personnel Board.

> The Administrative Rules do **not** permit the Board to reinstate the employee after it has ruled that the responding agency had acted properly within its discretion to terminate an

employee. The Administrative Rules do **not** permit the Board to prohibit the termination of an employee after it has ruled that the agency had clearly and with sufficient evidence proven its grounds for termination.

DHS concludes its argument by stating that the EAB violated Rule 32C of the Administrative Rules which provides that "[t]he Employee Appeals Board shall have the authority, **duty and responsibility to abide by and enforce these [Administrative] rules**."

Therefore, DHS argues that as a matter of law -- specifically Rule 21B of the Employee Appeals Board Administrative Rules and the published policy, rules, and regulations of the State Personnel Board --the EAB had exceeded the scope of its authority by reinstating Ms. Williams with DHS "despite the proven fact on the face of the Board's Opinion and Order that DHS's termination of Ms. Williams was allowed under the State Board policies, rules, and regulations and was conducted in accordance with these policies, rules, and regulations." DHS then concludes that "[t]he circuit judge so found as a matter of law, and thus pursuant to the very limited scope of review which Sections 11-51-93 and 11-51-95 afford this Court we must affirm the circuit court's decision."

## C. Our analysis of DHS's Issues

Sections 11-51-93 and 11-51-95 of the Mississippi Code, the certiorari route which DHS followed to obtain the Hinds County Circuit Court's review of the EAB en banc order, render the issue for our review in this appeal an issue of law. In *T.M. v. Noblitt*, 650 So. 2d 1340, 1342 (Miss. 1995), the Mississippi Supreme Court wrote, "This Court conducts de novo review on questions of law." As a court of appellate jurisdiction in Mississippi, we adopt the same scope of review on questions of law. Thus we conduct a de novo review on the issue of whether the circuit court erred in reversing the decision of the EAB when the circuit court found as a matter of law that the EAB lacked the statutory authority to overturn DHS's decision to terminate Ms. Williams' employment.

We initiate our analysis of DHS's argument with a review of Section 25-9-131 in which the legislature provided that "[t]he employee appeals board may modify the action of the department, agency, or institution but may not increase the severity of such action on the employee." Miss. Code Ann. § 25-9-131 (Supp. 1995).The language of Section 25-9-131 as adopted by the legislature and as signed by the governor did not restrict EAB's authority and power to "modify the action of the department." Indeed, the EAB's modification of Ms. Williams' dismissal by demotion and thirty-day suspension without pay was totally consistent with Section 25-9-131, which specifically allows the EAB to modify DHS's action so long as the EAB does not "increase the severity of such action on the employee." Rule 21B, which was adopted by the State Personnel Board, restricts the EAB's modification of the action of the department, agency, or institution to those situations where it finds that the department, agency, or institution has not acted in accordance with the published policies, rules, and regulations of the State Personnel Board and that the personnel action taken by the responding agency is not allowed under said policies, rules, and regulations.

The Mississippi Supreme Court has dealt with conflicts between administratively adopted rules and statutes in two cases. In *Mississippi State Tax Commission v. Reynolds*, 351 So. 2d 326 (Miss. 1977), the chancery court removed generally the disabilities of minority of Mary Jane Reynolds. *Id.* at 326.

In its decree, the chancery court adjudicated that Reynolds was empowered to engage "in any profession or avocation, which he (she) could do if he (she) were twenty-one years of age." *Id.* at 327. On the date the chancery court entered its decree, Reynolds applied for a job as a cocktail waitress at the Holiday Inn in Meridian. *Id.* at 327. Because this job required that she handle alcoholic beverages, it was necessary to file her personal record and fingerprints with the Alcoholic Beverage Control Division (ABC) of the Mississippi State Tax Commission. *Id.* The ABC refused to approve her employment as a cocktail waitress because Reynolds was under twenty one years of age. *Id.* Reynolds submitted a copy of the decree which removed her disabilities of minority and allowed her to engage in any profession or avocation which she could engage in if she were, in fact, twenty-one years of age. *Id.* Nevertheless, the ABC notified the Holiday Inn that Reynolds was not eligible for employment as a cocktail waitress because its ABC Regulation 17 provided that "no on-premises permittee shall allow any person under the age of twenty-one (21) years in his employ to handle alcoholic beverages in any manner whatsoever." *Id.* Reynolds appealed the Commission's decision to the chancery court, and the chancellor reversed the Commission. *Id.* The Mississippi Supreme Court affirmed the chancellor's reversal of the Commission's denial of Reynold's employment as a cocktail waitress. *Id.* at 328. The supreme court wrote:

> The general rule in the United States is that an agency's rule making power does not extend to the adoption of regulations which are inconsistent with actual statutes. 1 Am. Jur. 2d *Administrative Law* § 133 (1962). As stated in *Kansas Commission on Civil Rights v. City of Topeka Street Department*, 212 Kan. 398, 401, 511 P.2d 253, 256, *cert. denied* 414 U.S. 1066, 94 S. Ct. 573, 38 L. Ed. 2d 470 (1973):

>> The regulation adopted by the administrative agency must lie within its competence to make; an administrative regulation may not contravene or nullify a controlling statutory enactment.

*Id.* at 327-28.

The Mississippi Supreme Court then concluded:

> [A]lthough the ABC has power to adopt regulations, no regulation so adopted may be enforced where its enforcement would be in direct contravention of a clear and unambiguous statute.

*Id.* at 328.

In *Buse v. Mississippi Employment Security Commission*, 377 So. 2d 600 (Miss. 1979), the Employment Security Commission (MESC) denied Buse unemployment benefits because it found that the lump-sum vacation pay which he received after he had been laid off constituted "wages which were payable to him." *Id.* at 601 (citing Miss. Code Ann. Sec. 71-5-11(O)(1) (Supp. 1979). *Id.* at 601. Buse appealed to the circuit court, and the circuit judge affirmed the Commission's denial of unemployment benefits to Buse. *Id.* The supreme court reversed the circuit court because it opined that:

> [N]o wages were payable to Buse in December, because he performed no services for Pennsylvania [his employer] during that time. It logically follows, we think, that the wages to which he was entitled flowed from services rendered prior to being released.

*Id.* The supreme court noted that the MESC based its denial of Buse's unemployment benefits on the following administrative rule which it had adopted:

> 1224. *Accumulated Leave* (Period Not Designated). Pay received by a claimant at or after the time of separation from an employer for accumulated leave is considered to be wages payable with respect to the week(s) which immediately follow the separation.

*Id.* at 602. The supreme court noted that the legislative definition of "unemployment" specified that "an individual shall be deemed unemployed if he performs no services for which wages are payable." *Id.* It concluded that the commission's administrative implementing order was contrary "inasmuch as it provide[d] for accumulated leave pay (wages) to be made the weeks immediately following release from employment." *Id.*

Of specific import to our resolution of DHS's issues in the case *sub judice* is the following quotation:

> In our opinion, substantive law is not to be thwarted by administrative rules adopted for implementation of the legislative intent.

*Buse*, 377 So. 2d at 602. The supreme court decided that Buse was entitled to unemployment compensation because the vacation pay was a wage which Buse had earned during his employment, the previously quoted administrative rule notwithstanding. *Id.*

The EAB en banc order which modified DHS's dismissal of Ms. Williams by demoting and suspending her for thirty days without pay was within the discretionary power with which Section 25-9-131 endowed the EAB. Thus, pursuant to that statute alone, the circuit court erred when it found that the EAB had exceeded its authority to demote and suspend Ms. Williams. The correctness of this assertion is implicit in DHS's argument because it asserts SPB Administrative Rule 21B as the basis on which to rest the correctness of the circuit court's determination that the EAB exceeded its authority in this case. Yet Rule 21B restricts the EAB's discretion of modifying "the action of the department" by requiring the EAB to find that the department violated the SPB's

rules before it can modify the department's action. The legislature did not impose this inhibition on the EAB; the SPB did through its exercise of its regulatory processes. In *Reynolds,* the Mississippi Supreme Court held that "an agency's rule making power does not extend to the adoption of regulations which are inconsistent with actual statutes." In *Buse*, the Mississippi Supreme Court warned that "substantive law is not to be thwarted by administrative rules adopted for implementation of the legislative intent." *Buse*, 377 So. 2d at 602.

Rule 21B runs afoul of Section 25-9-131 in yet another way. Section 25-9-131 provides in pertinent part:

> The proceedings before the employee appeals board shall be de novo, and the employee shall be afforded all applicable safeguards of procedural due process.

Miss. Code Ann. § 25-9-131 (1991).

In the case of *Boehm v. Anne Arundel County*, 459 A.2d 590, 597 (Md. Ct. Spec. App. 1983), the Court of Special Appeals of Maryland was concerned about the meaning of the words "de novo" as they were used in a provision for an appeal to an administrative agency. That court quoted with approval the following quotation from 2 *American Jurisprudence* 2d Administrative Law § 698, at 597 (1967):

> A trial or hearing "de novo" means trying the matter anew the same as if it had not been heard before and as if no decision had been previously rendered. Thus, it is said that where a statute provides that an appeal shall be heard de novo such a hearing is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held, especially where the hearing is in a court of general, original jurisdiction. Where a statute provides for a trial de novo and does not provide that the findings of the administrative agency shall be conclusive or of any force, the whole matter is opened up for consideration on appeal as if the proceeding had been originally brought in the reviewing court. Trial in court is not an appellate proceeding where the statute provides for a suit to set aside an award and for determination of the issues upon trial de novo. Even though designated an "appeal," a review in which the court is not confined to a mere re-examination of the case as heard before the administrative agency but hears the case de novo on the record before the agency and such further evidence as either party may see fit to produce is to be regarded as an original proceeding. Thus, on a trial or hearing de novo it has been held immaterial what errors or irregularities or invasion of constitutional rights took place in the initial proceedings.

*Id.* (quoting 2 Am. Jur. 2d *Administrative Law* § 698, at 597 (1967).

In *Ray v. Illinois Racing Board*, 447 N.E.2d 886, 889 (Ill. App. Ct. 1983) the Illinois Court of Appeals wrote:

> Finally, the rules of the Illinois Racing Board governing appeals and enforcement proceedings, which were promulgated pursuant to section 37-9(b) of the Horse Racing Act, provide: "Any person aggrieved by a decision, order, ruling, recommendation or other action of the judges or stewards of any race meeting may as a matter of right request a hearing before the Board. Such a hearing shall be a proceeding de novo." (5 Ill. Reg. 10876 (1977), § 204.20(a)) To hold a hearing de novo means "trying the matter anew the same as if it had not been heard before and as if no decision had been previously rendered." Such a hearing should be held with the same effect and intent as if no previous action had taken place. "The de novo hearing is a new adversary proceeding which is neither dependent upon, nor limited by, the proceedings below."

Section 25-9-131 of the Mississippi Code of 1972 provides that the proceedings before the EAB shall be de novo. From the foregoing quotations, it is apparent that the words "de novo" as used in Section 25-9-131 demand that the EAB conduct its hearing from scratch, just as though the employer agency had conducted no hearing and had made no decision in the matter. SPB Administrative Rule 21B clearly violates the "de novo proceedings before the EAB" provision in Section 25-9-131 because it requires the EAB to pay homage to the employer agency's decision by first determining whether "[t]he responding agency has acted in accordance with the published policies, rules, and regulations of the State Personnel Board," and whether "[t]he personnel action taken by the responding agency is allowed under said policies, rules, and regulations," before the EAB can alter the action taken by the agency. Because Section 25-9-131 demands that the EAB proceedings are to be conducted de novo, the EAB cannot be required to consider the decision of the employing agency as Rule 21B compels. Thus Rule 21B also violates the "de novo proceedings before the EAB" provision of Section 25-9-131 of the Mississippi Code of 1972.

We conclude that the State Personnel Board's adoption of Rule 21B was inconsistent with Section 25-9-131 of the Mississippi Code and that it thwarted the substantive law of that section of the code. We further determine that the EAB properly exercised its statutorily granted discretion to modify the DHS's action of dismissing Ms. Williams by demoting and suspending her for thirty days without pay. Thus, from our de novo review of this question of law we determine that the circuit court erred when it found that the EAB had exceeded its authority as an issue of law when it so modified the DHS's action of dismissing Ms. Williams. Therefore, we reverse its order and reinstate the order of the Mississippi Employee Appeals Board.

**D. Ms. Williams' Issues**

Our resolution of DHS's issues have rendered moot Ms. Williams' issues, all of which dealt in one way or another with whether there was substantial evidence to support the en banc order of the Mississippi Employee Appeals Board. Section 25-9-131(2) is the section which provided Ms. Williams her right of appeal to the circuit court for its review of the EAB order. Section 25-9-132(2) limits the issues in an employee's appeal from an EAB order to the circuit court, among which limitations is the question of whether the EAB's action "is unlawful for the reason that it was . . . [n]

ot supported by any substantial evidence." Miss. Code Ann. § 25-9-132(2) (Supp. 1995). Earlier we emphasized that our resolution of the issues in the case *sub judice* would depend on who appealed at what stage of the appeals process. That Ms. Williams did not appeal from the EAB en banc order pursuant to Section 25-9-131(2) would indicate that but for defending against DHS's appeal pursuant to Section 11-51-95, she willingly accepted EAB's demotion and suspension of thirty days without pay. Ms. Williams may also have been hoping for a tactical victory which might have resulted from the unexplained disappearance of the court reporter who absconded with all of the transcript of the hearing before the Hearing Officer except for the ten pages which contained the Hearing Officer's conclusions. In any event, her issues are not relevant to the issues of law created by the circuit court's review of the EAB en banc order.

## IV. Conclusion

The EAB's order which modified DHS's termination of Ms. Williams' employment was permitted by Section 25-9-131. Only SPB Rule 21B could be deemed to support the circuit court's determination that the EAB had exceeded its authority by modifying the DHS's action of terminating Ms. Williams. Nevertheless, we find that Rule 21B violates Section 25-9-131. Therefore, we cannot enforce Rule 21B by predicating the correctness of the circuit court's order, which reversed the EAB en banc order, on that rule because to do so would thwart the substantive law which is embodied in that statute. Because this Court can review de novo an issue of law like the one on which we have reversed the circuit court and affirmed the en banc order of the Mississippi Employee Appeals

Board, it is at liberty to resolve this case favorably to Ms. Williams even though we have done so on the issues raised by DHS rather than on those raised by Ms. Williams.

**THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND THE ORDER OF THE MISSISSIPPI EMPLOYEE APPEALS BOARD IS AFFIRMED AND REINSTATED. COSTS ARE ASSESSED TO THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**.

**FRAISER, C.J., BARBER, KING, McMILLIN, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J., DIAZ AND PAYNE, JJ.**

## IN THE COURT OF APPEALS 6/18/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 94-CC-01231 COA

**OCERETTA B. WILLIAMS AND MISSISSIPPI EMPLOYEE APPEALS BOARD**

**APPELLANTS**

**v.**

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


THOMAS, P.J., DISSENTING:

I feel compelled to dissent from the majority opinion reinstating Williams with the Mississippi Department of Human Services.

Mississippi Code § 25-9-131 provides that: "[t]he employee appeals board *may* modify the action of the department, agency, or institution but may not increase the severity of such action on the employee."

I agree with the majority that this Court conducts a de novo review on the issue of whether the circuit court erred in reversing the decision of the EAB. I further agree that Section 25-9-131 grants the EAB the choice of modifying or not modifying the action of a state agency, as long as such modification does not increase the severity of the agency's action. However, the EAB has made its choice and has decided to promulgate its own internal rule/regulation 20(b). This internal rule prohibits the modification of a state agency's action in certain circumstances.

Rule 20(b) of the Appeals Board's Administrative Rules states that:

> If the responding agency has acted in accordance with the published policies, rules and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the Employee Appeals Board *shall not* alter the action taken by the agency.


Section 25-9-131 gives the EAB the choice to modify or not to modify. The EAB has made its choice once it adopted Rule 20(b). The EAB has chosen to not modify an agency's action "if the personnel action taken by the responding agency is allowed under said policies, rules and regulations." Who is this Court to say that such discretionary choice allowed by statute is wrong.

The logic of EAB Rule 20(b) is simple. Were an agency to fire an employee based upon the commission of a Group III offense and then be forced to rehire that employee with a suspension or demotion, untold havoc could result in the workplace. If an agency is forced to rehire a troubled employee would not it then be practically impossible for the agency to later fire that employee for fear that such action would be deemed retaliatory.

I believe that the majority opinion is contrary to public policy and previous opinions of our court as well as opinions of the Mississippi Supreme Court. While not addressing the issue presently before us, our supreme court, in *Young v. Mississippi State Tax Comm'n*, 635 So. 2d 869, 872 (Miss. 1994), approved a Circuit Court's decision in which it stated that before the Employee Appeals Board could alter a decision or action of a state agency, it is necessary that the Appeals Board "make a finding that (1) the agency's personnel action was not allowed under the policy, rules and regulations of the [State Personnel Board] or that (2) the agency did not act in accordance with the published policies, rules and regulations of the [State Personnel Board]."

The decision of the circuit court in reversing the EAB's decision to reinstate Williams to DHS should be affirmed.

**BRIDGES, P.J., DIAZ AND PAYNE, JJ.**, **JOIN THIS DISSENT.**