# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 91-CC-00523-SCT

## CONSOLIDATED WITH

## 92-CC-00931-SCT

*LAVERNE JOHNSON*

*v.*

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/27/92 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | P.J. TOWNSEND, JR. |
| ATTORNEY FOR APPELLEE: | JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 10/3/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/24/96 |

### EN BANC.

### SMITH, JUSTICE, FOR THE COURT:

¶1. This case comes to this Court on appeal from an order of the Circuit Court of Hinds County, Mississippi, which reversed the decision of the Employee Appeals Board (EAB) which purportedly found that Laverne Johnson in fact committed the offense charged, but that the punishment imposed by the hearing officer was excessive. The circuit judge reinstated the decision of the hearing officer. We find that there was sufficient evidence in the record to support the decision of the hearing officer. This Court agrees with the circuit judge and therefore affirms.

## FACTS

¶2. Laverne Johnson had been employed for sixteen years as a secretary by the Mississippi Department of Corrections (MDOC) in Parchman, Mississippi. On October 20, 1989, Johnson received a package at the Parchman post office bearing an Alabama return address. Johnson's office was located approximately a hundred feet from the Parchman post office. In fact, the package had been mailed from the post office in Tunica, Mississippi.

¶3. Johnson claimed that she believed the package contained clothing she was expecting to be sent to her from a relative in Alabama. However, upon opening the package Johnson discovered that it contained items normally sent to inmates. Johnson then placed the package in her vehicle and did not report or turn in the package to security or internal affairs as required by MDOC policy. The only action taken by Johnson was the notification of, Frank Meeks, a MDOC co-worker, about her receipt of the package.

¶4. Johnson argues that she intended to turn the package in when she has an opportunity to do so. Johnson claimed that she was unable to leave that day because she was the only secretary in the office and her supervisor, Eddie Lucas, was out.

¶5. However, Frank Meeks testified that Johnson asked him to pick up the package in question and deliver it to Unit 25, a housing unit for inmates at Parchman.

¶6. Johnson was stopped in her vehicle late that afternoon and a search of the package revealed marijuana. Johnson was then was terminated by MDOC for violation of a Class Three Offense, to-wit:

> acts of conduct occurring on or off the job related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

¶7. Johnson appealed her termination to the EAB in accordance with the provisions of Miss. Code Ann. § 25-9-131 (1972) and the Rules of the State Personnel Board (SPB). The hearing officer affirmed her termination.

¶8. Upon review by the EAB, the hearing officer's findings were unanimously accepted. However, the EAB found that the penalty recommended by the hearing officer was too severe and therefore reduced the termination to a thirty-day suspension after which Johnson should be reinstated with back pay.

¶9. The MDOC sought a review by writ of certiorari to the Circuit Court of Hinds County. The circuit judge concluded that the EAB could not accept the findings of fact made by the hearing officer and substitute its own judgment regarding the penalty when the decision of the hearing officer was in accordance with the rules of the State Personnel Board (SPB).

¶10. Aggrieved, Johnson, appeals to this Court claiming that the final order of the EAB may not appealed by a state agency. Johnson also argues that the lower court erred in holding that the authority of the EAB is controlled by Rule 20(b) of the Employee Appeal Board Administrative Rules, in lieu of Miss. Code Ann. § 25-9-131 (1972) as amended.

## DISCUSSION OF LAW

¶11. Johnson argues that a final decision by the EAB is not appealable by a state agency to circuit court, either by statute or by writ of certiorari. This issue was presented to and resolved by this Court in *Gill v. Mississippi Department of Wildlife Conservation*, 574 So. 2d 586 (Miss. 1991). Johnson, although well aware of this Court's ruling in *Gill*, nevertheless, requests that we revisit the issue. In *Gill*, this Court held that an administrative agency has a right to judicial review of a final decision of

the EAB by writ of certiorari. *Id.* at 590. *Gill* is correct, therefore we decline Johnson's invitation to revisit the issue.

¶12. Next, Johnson argues that the circuit judge erred in holding that the authority of the EAB is controlled by Rule 20(b) of the Employee Appeal Board Administrative Rules, in light of the explicit powers accorded to the EAB in Miss. Code Ann. § 25-9-131.

¶13. Rule 20(b) as promulgated by the SPB states in pertinent part:

> If the responding agency has acted in accordance with the published policies, rules and regulations of the SPB and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the EAB shall not alter the action taken by the Agency.

¶14. Rule 17(b) of the Rules of the Mississippi Employees Board states:

> The appealing party shall have the burden of proving that an alleged grieveable action was taken, was in error, and merits the relief requested.

¶15. The pertinent parts of Miss. Code Ann. § 25-9-131 state:

> (1) . . . The employee appeals board may modify the action of the department, agency or institution but may not increase the severity of such action on the employee. Such appointing authority shall promptly comply with the order issued as a result of the appeal to the employee appeals board.

> (2) Any employee aggrieved by a final decision of the employee appeals board shall be entitled to judicial review thereof in the manner provided by law.

¶16. It is true that the statute explicitly states that the EAB may modify the decision of a state agency. However, as the circuit court correctly noted, the statute does not provide any guidance as to under what circumstances the EAB may modify an action. Miss. Code Ann. § 25-9-115 gives the SPB the authority to make rules and regulations. Our review here does not find the SPB's rules to be in contradiction to the statutes.

¶17. The rules, statutes and procedures were properly adhered to in this case by the Mississippi Department of Corrections. The factual findings of the hearing officer support termination of Laverne Johnson from her position of employment at MDOC. A brief review of the pertinent facts is indeed helpful.

¶18. Laverne Johnson received an insured package from the penitentiary post office, which was located "not very far at all . . . maybe a hundred feet," from her employment work station at the MDOC classifications office. The package contained marijuana, which was ultimately discovered during a search of her vehicle at the end of that day. Johnson knew that the package was not hers, but failed to turn it in to her superiors. She apparently only mentioned the package to Frank Meeks. However, more significantly, Johnson, in fact, **asked Meeks to pick up the package and deliver it to Unit 25**.

¶19. Johnson admittedly knew the contents of the package were those usually received by inmates, yet she did not report the package to superiors which was in violation of the MDOC policy. Johnson testified that she had received training on con games devised by inmates, including a section regarding inmate packages. By virtue of her training, Johnson had been instructed not to take packages to inmates. The record reveals she had numerous opportunities to turn in the package but did not do so. Nor did she report receipt of the package to her own supervisor, Lawrence Henderson, whose office was a mere fifteen feet away from her own. She also failed to report the incident to her supervisor Eddie Lucas and changed her statement concerning the incident to investigators. Neither statement by Johnson mentioned her conversation with Meeks. When told about Johnson situation, the fellow employees, Marilyn Greganti and Patricia Roach, stated, "What did she lie about this time, " and that she should "quit lying." Johnson also admitted that she had spent the night of May 28, 1989, with ex-inmate Belinda Criddle.

¶20. The ultimate question is whether Johnson's actions were reasonable under the circumstances. The hearing officer determined that her actions were not reasonable. The EAB reinstated her employment. After which the circuit judge reversed the Board and reinstated the hearing officer's decision to terminate Johnson.

¶21. Johnson argues that the EAB has not made an accurate analysis of the facts or that the evidence does not show that the offense was committed. The alleged offense requires a determination that the employee's conduct was of such a nature that continued employment of that person would constitute negligence on the part of the agency. Very strong evidence was presented in this case which suggests that Laverne Johnson is not suited to be an employee for the Mississippi Department of Corrections. One could conclude that Johnson has shown a propensity to wilfully smuggle packages to criminals and thus is "unfit" to work for the MDOC. This conclusion is affirmed when one considers statements made by Greganti and Roach, Johnson's fellow employees.

¶22. There are currently no cases that address the right of a state agency's right to dismiss a person when it appears that retention would be negligent. However, this situation is analogous to those where employers have been held liable to third parties for negligently retaining the employee. In *Eagle Motor Lines v. Mitchell*, 239 Miss. 398, 78 So. 2d 482 (1955), this Court stated:

> Retaining in employment a servant who is, or should be, known to be incompetent, habitually negligent, or otherwise unfit, is such negligence on the part of the master as will render him liable for injuries to third persons resulting from the acts of the incompetent servant, whether the master's knowledge of the servant's incompetency was actual, or direct, or constructive; the master is chargeable with knowledge of the competency of the servant if by the exercise of due or reasonable care or diligence he could have ascertained such incompetence.

*Mitchell,* 239 Miss. at 412.

¶23. While there was no evidence that Johnson was incompetent or habitually negligent, abundance of credible evidence exists suggesting that Johnson is "otherwise unfit," due to her apparent propensity to smuggle packages to criminals. We must agree with the circuit judge and his analysis of the situation. Johnson is "otherwise unfit" to work for MDOC.

¶24. This Court must afford deference to the fact finding role of the administrative agency and the

hearing officer's findings. There is strong evidence here, that Johnson knew exactly what she was doing, smuggling drugs to an inmate. Why would she have asked Meeks to deliver a package to Unit 25, which she knew was not hers, and of the type received by inmates? Her claim that she was being conned by a "con" appears but a ruse. In light of these facts, it is readily apparent Johnson should not be working with inmates at MDOC.

¶25. Miss. Code Ann. §§ 25-9-127 and 25-9-131 in conjunction with State Personnel Board Rule 20(b) allow termination for Group III misconduct. Johnson's was charged with a Group III offence. Discharge under § 25-9-127 must be for negligence, inefficiency or other good cause. Moreover, the burden of proof was on Johnson.

¶26. How in good conscience could the EAB, having accepted the hearing officer's findings of fact, set aside Johnson's termination on the ground that such action was too severe? The hearing officer's termination of Johnson was appropriate and consistent with treatment equally applied to all employees for the same violations. Moreover, this same authority also prevents the EAB from reaching a decision not supported by their factual findings. Rule 20(b) mandates that the EAB shall not alter the action taken by the agency, if the agency has acted in accordance with the published rule and if the personnel action taken by the agency is allowed under the guidelines. That is exactly what happened here. MDOC acted within the rules under which termination was allowed. There is no finding to the contrary. Johnson, having the burden of proof, failed to establish that good cause did not exist for her termination.

¶27. Miss. Code Ann. § 25-9-132(2) (a)(b)(c), (1972) allows review of the EAB decisions to determine whether they are supported by substantial evidence, are not arbitrary or capricious, or not in violation of a statutory or constitutional right. The EAB adopted the facts of the hearing officer, but nevertheless, found that the "termination was too severe a penalty under the circumstances." Judge Graves' perusal of the record resulted in his adoption of the facts of the hearing officer. He therefore reversed the EAB, because he found their action to be "arbitrary and capricious." There was substantial evidence in the record to support the decision of the hearing officer who found good cause for termination. Judge Graves' action in reinstating the decision of the hearing officer was imminently correct. A review of these facts from the record as set out above mandates that this Court should affirm the circuit court. This issue is without merit.

## CONCLUSION

¶28. There is no merit to either of Johnson's claims. There was substantial evidence in this record to support the decision of the hearing officer. We agree with the circuit judge's reversal of the EAB decision. Johnson is "otherwise unfit" to work for the MDOC. For all of the reasons heretofore cited, we affirm the lower court.

¶29. **JUDGMENT AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, ROBERTS AND MILLS, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND MCRAE, J.**

    **BANKS, JUSTICE, DISSENTING:**

¶30. I have no quarrel with the suggestion by the majority that there was sufficient evidence before the Employee Appeals Board to have decided to terminate Laverne Johnson under the charge lodged. My problem with our disposition is that the fact finder here, the Employee Appeals Board, failed to make that call. The majority reverts to the findings of the hearing officer, which were adopted by the EAB but which fail to express the ultimate conclusion that Johnson had not shown that she should not be dismissed for the offense charged. The EAB, inferentially, made a contrary ultimate finding, concluding that Laverne Johnson engaged in the conduct alleged but that the punishment was excessive. Because of the peculiar nature of the regulatory offense charged, conduct for which it would be negligent to retain the employee, such a ruling appears contradictory. It is not our province to decide these cases in the first instance, however. I would remand to the Employee Appeals Board for reconsideration.

## I.

¶31. Laverne Johnson held the title of Secretary Principal at the Mississippi Department of Corrections (DOC) in Parchman, Mississippi, and had been employed by the DOC for sixteen years. On October 20, 1989, Johnson received a package at the post office that had a return address in Alabama. In fact, the package was postmarked from Tunica, Mississippi. The post office is approximately 100 feet from Johnson's office.

¶32. The package contained items that were generally sent to inmates. Johnson claims that she was expecting clothes from a relative in Alabama and thought that is what the package contained. Johnson put the package in her vehicle and did nothing to turn the package in to security or internal affairs. Johnson testified that she only notified Frank Meeks about the package. She also claims she was the only secretary in the office and that she could not leave the office without permission because her supervisor was out. Johnson also claims that she had planned to turn the package in when she had the opportunity.

¶33. Eddie Lucas, Johnson's supervisor, testified that it had been an extremely busy day and he expected everyone to get his/her work out that day. Johnson says that she did see her supervisor at lunch but felt it inappropriate to discuss the matter there. Frank Meeks testified that Johnson asked him to pick up the package and deliver it to a unit housing inmates.

¶34. Johnson was arrested later that evening. A search of the package revealed marijuana. Johnson was terminated for a Class Three Offense, which according to the Mississippi State Personnel Board Policy and Procedure Manual are:

> acts of conduct occurring on or off the job related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

## II.

¶35. Johnson appealed the decision to the EAB in accordance with the provisions of Miss. Code Ann. § 25-9-131 and the rules of the State Personnel Board (SPB). A hearing officer affirmed the

termination. The hearing officer's affirmation was based on the following findings of fact:

> The incident which led to the employment termination of the Appellant occurred October 20, 1989. The Appellant received a package at the post office that had a return address of D.S. 1759, Kelly Loop Road, Mt. Olive, Alabama 35117. However, the post mark on the package indicated that the package in fact had been mailed from Tunica, Mississippi. The Appellant received the package at approximately 10:00 A.M.; the post office is approximately 100 feet from Appellant's office. The Appellant opened the package, realized it was not for her and that it was probably an inmate's package, in that the contents are those that are sent to inmates. The Appellant took the package and put it in her car. The Appellant was arrested at approximately 5:15 P.M., after a search of the package revealed marijuana. During the course of the day, the Appellant made no attempt whatsoever, to contact the security department or the internal affairs department.

> The Respondent contends that the Appellant was a vendor or conspirator to deliver marijuana to an inmate, which was contained in the package. The Appellant on the other hand contends that she was "set up" by another inmate. It makes no difference. The Appellant was in possession of the package which contained the marijuana, she did nothing to alert the security forces at the penitentiary, nor did she immediately return said package to the post office, which was approximately 100 feet away from the Appellant's office. The burden of proof is on the Appellant, and the Appellant has failed to meet that burden of proof. Furthermore, the Respondent has acted in good faith and with good cause.

¶36. On review, the full board unanimously accepted these findings, but reduced the penalty to a thirty day suspension and ordered that Johnson be reinstated with back pay. There were no further findings by the hearing officer or the full board. The DOC sought review by writ of certiorari. On appeal, the Circuit Court of Hinds County concluded that the EAB could not alter an agency's decision when such decision is in accord with the rules of the SPB. From this Johnson appeals.

III.

A.

¶37. Johnson first contends that a final decision by the EAB is not appealable by an employer, by statute or writ of certiorari. Johnson is aware of *Gill v. Mississippi Department of Wildlife Conservation*, 574 So. 2d 586 (Miss. 1991), wherein this Court held that an administrative agency has the right to judicial review by writ of certiorari of a final decision of the EAB. Johnson requests that this Court revisit the issue. I agree with the majority that we should decline to do so.B.

¶38. Johnson next contends that the circuit court erred in holding that the EAB's authority is controlled by Rule 20(b) of the Employee Appeal Board Administrative Rules, in light of the explicit powers accorded the EAB in Miss. Code Ann. § 25-9-131.

¶39. Rule 20(b), as promulgated by the SPB, states in pertinent part: "If the responding agency has acted in accordance with the published policies, rule and regulations of the SPB and if the personnel action taken by the responding agency is allowed under said policies, rules, and regulations, the EAB shall not alter the action taken by the Agency."

¶40. The pertinent parts of Miss. Code Ann. § 25-9-131 state:

(1) ...The employee appeals board may modify the action of the department, agency or institution but may not increase the severity of such action on the employee. Such appointing authority shall promptly comply with the order issued as a result of the appeal to the employee appeals board.

(2) Any employee aggrieved by a final decision of the employee appeals board shall be entitled to judicial review thereof in the manner provided by law.

It is the intent of Sections 25-9-127 and 25-9-131 to supercede and replace any existing statutory procedure conflicting in whole or in part which provides for the discharge of state employees in any state agency.

¶41. The statute explicitly states that the EAB may modify the decision of an agency. There is no procedure given for a modification, but there is authority. There is no language that implies that the power of modification may be limited. While Miss. Code Ann. § 25-9-115 does give the SPB authority to make rules and regulations, it is not authorized to make rules and regulations in contradiction to §§ 25-9-127 and 25-9-131.

¶42. The well settled rule is that an agency's rule making power does not extend to the adoption of regulations which are inconsistent with actual statutes. *Pittman v. Mississippi Pub. Serv.*, 538 So. 2d 367, 373 (Miss. 1989); *Buse v. Mississippi Emp. Sec. Com'n*, 377 So. 2d 600, 602 (Miss. 1979); *Mississippi State Tax Comm'n v. Reynolds*, 351 So. 2d 326, 327 (Miss. 1977). Rule 20(b) should not be read so broadly as to run afoul of this principle.

¶43. The circuit court stated that the statute does not provide any guidance as to when the EAB may modify an action. While this is so, that fact does not warrant a blanket restriction on the exercise of that power. It follows from what has been said, with respect to judicial power of review by certiorari, that EAB modifications of remedies are subject to review on the arbitrary or capricious standard.

¶44. That is not to say that Rule 20(b), appropriately interpreted, is not a valid exercise of regulatory authority. The SPB has the broad responsibility of developing policies which promote a fair, merit employment system. It is difficult to imagine an adverse employment action which at once comports with those policies and is, nevertheless, amenable to alteration on a basis other than one which is arbitrary or capricious. Put simply, the rule prohibits the EAB from simply substituting its judgment for that of the appointing authority without an articulable basis grounded in the announced policies of the SPB, the statutory goals of our employment system or the due process and fundamental fairness rights of the individual employee. There may be circumstances in a particular case where factors in mitigation or otherwise are so clearly shown and so compelling that the EAB would be warranted in taking a different path despite the fact that technically speaking the agency action is permissible under published rules and regulations.

¶45. In the instant case, however, as will be shown below, no findings were made which could give comfort to the reviewing authorities that the EAB action was not an arbitrary and capricious substitution of its judgment for that of the DOC. Clearly, when it appears that agency actions comport with the rules and regulations announced by the SPB, the EAB is bound to articulate a

reason grounded in written policy, statutory law or the constitution for altering those actions. *See Young v. Mississippi State Tax Comm'n*, 635 So. 2d 869 (Miss. 1994). There is no such articulation here.

C.

¶46. Johnson appealed to the EAB from the DOC's finding that she had committed a Class Three Offense. Johnson was found to have violated Rules 10(C), and 11 of the Mississippi State Personnel Board Policy and Procedure Manual. Rule 11 reads:

> [A]cts of conduct occurring on or off the job related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

¶47. The problem here is twofold. First, the EAB has not made an analysis of the facts that the evidence shows that the offense was committed. The offense calls for a determination that the conduct shown was of such a nature that continuing the employment could constitute negligence on the part of the agency. The hearing officer failed to make such a determination. There was no reference whatsoever as to how retaining Johnson could be considered negligent. We have not previously discussed a dismissal under this rule. In *Eagle Motor Lines v. Mitchell*, 223 Miss. 398, 412, 78 So. 2d 482, 487 (1955), this Court quoted the following language from 57 C.J.S. *Master and Servant* § 559, at 271 (1948):

> Retaining in employment a servant who is, or should be, known to be incompetent, habitually negligent, or otherwise unfit, is such negligence on the part of the master as will render him liable for injuries to third persons resulting from the acts of the incompetent servant, whether the master's knowledge of the servant's incompetency was actual, or direct, or constructive; the master is chargeable with knowledge of the competency of the servant if by the exercise of due or reasonable care or diligence he could have ascertained such incompetence.

¶48. There was no evidence that Johnson was incompetent or habitually negligent. However, there is strong evidence that Johnson is "otherwise unfit." It would not be a stretch to say that this is not an isolated incident of negligence or failure of judgment. One could conclude that Johnson has shown a propensity to wilfully smuggle packages to criminals and thus is "unfit" to work for the DOC. However, this determination needs to be made by the EAB. While the hearing officer concluded that Johnson engaged in certain conduct, neither the hearing officer nor the EAB followed through to the next step and determined that the conduct was such that it could not say that the agency would not be negligent to retain Johnson in its employment. The EAB accepted that incomplete finding without modification.

¶49. The second problem with the EAB's decision is that the full board reduced the action to a thirty day suspension. If the EAB felt that it was negligent to continue her employment, it could not with consistency order the DOC to continue her employment. On the other hand, a thirty day suspension is a permissible action only for a Class Three Offense. The only charge made against Johnson was a violation under Rule 11. Therefore, it appears that the full board is agreeing that Johnson has committed only the Class Three Offense charged. The findings and the actions of the EAB cannot be reconciled.

¶50. Out of an abundance of caution and out of deference to the fact-finding role of the administrative agency, however, it is my view that the better course in these circumstances is to remand this matter to the EAB to either vacate its order altering the discipline given Johnson or articulate a rationale basis for altering the action which comports with the law. *Mississippi Emp. Sec. Com'n v. Collins*, 629 So. 2d 576, 582 (Miss. 1993).

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**