# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CC-00664-SCT

*SAM S. CARUTHERS*

*v.*

*MISSISSIPPI DEPARTMENT OF HUMAN SERVICES*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/21/96 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT P. SHEPARD |
| ATTORNEY FOR APPELLEE: | EDUARDO V. MARTINEZ |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES (OTHER THAN WORKERS' COMPENSATION) |
| DISPOSITION: | REVERSED AND RENDERED - 11/26/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/17/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Sam S. Caruthers, former Regional Director of Region VII of the Mississippi Department of Human Services (MDHS), was suspended for thirty (30) days from his job and removed as Regional Director by the MDHS for holding a meeting consisting of only white employees. Caruthers appealed his suspension and removal to the Employee Appeals Board (EAB) where a hearing officer reversed the MDHS's suspension and reinstated Caruthers as Regional Director. MDHS appealed the hearing officer's decision before the full EAB which affirmed the hearing officer's decision.

MDHS then petitioned for certiorari to the Hinds County Circuit Court which reversed the EAB's decision. On appeal, Caruthers argues that his conduct did not qualify as a Group III, Number 11 offense because no harm was done and there was nothing in MDHS rules explicitly saying that such an action was wrong. MDHS argues that Caruthers violated federal and state law by his actions and the judgment of the circuit court should be affirmed.

## FACTS

During the fall of 1994, Sam S. Caruthers, a twenty-four year veteran of MDHS, was serving as Regional Director of Region VII which covered Hinds County and Warren County. MDHS suspended Caruthers without pay from October 31, 1994 until December 14, 1994 and removed Caruthers from his job position. Caruthers was suspended for the violation of a Group III, Number 11 offense which states:

> Acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

Specifically, Caruthers was suspended for holding a meeting of only the white employees in the Hinds County Office of Economic Assistance on September 12, 1994. Caruthers held the meeting in response to instruction from his supervisor Tommy Bond, the Division Director of Economic Assistance, to investigate complaints of discrimination or harassment against a white employee by black employees.

Caruthers appealed his suspension to the EAB, and Hearing Officer William H. Smith, III conducted a hearing on the matter. MDHS presented testimony at the hearing revealing that an all-white's meeting, by instruction of Caruthers, was held on September 12, 1994 in the farthest end of a conference room with only thin dividers separating the all-white's meeting from a group of predominantly black students being interviewed in the same room. At the meeting, Caruthers informed the white employees that the Civil Rights Act applied to whites as well as blacks and inquired whether any of the white employees had been discriminated against by the black employees. When a black trainee walked into the meeting, Caruthers told her to go next door for a training meeting. The black trainee stated that she was confused and offended that there were only white employees in the meeting but did not file a grievance with the State. Testimony was also given by other black employees that they were offended by the all-white meeting.

Both of Caruthers' supervisors testified that they were not aware that a meeting of only one race was a Group III offense. One of Caruthers' co-workers, Patricia Williams, a black woman, testified that she had worked with Caruthers for over two years and that he had treated everyone fairly.

At the end of the witness testimony for MDHS, Caruthers made a motion to dismiss the charges against him. The hearing officer granted the motion finding the suspension of Caruthers to be unwarranted. The hearing officer found that Caruthers did not intend to discriminate against anyone. The hearing officer further concluded that Caruthers was not racially insensitive and treated everyone fairly. Relying on Patricia Williams' testimony, the hearing officer concluded that the all-white meeting had been blown out of proportion. The hearing officer ordered that Caruthers be reinstated to his position and receive back pay for the period suspended.

MDHS appealed the hearing officer's order to full board review by the EAB. The EAB affirmed the order entered by the hearing officer in all respects finding the order to be proper and correct.

MDHS then filed petition for certiorari with the Hinds County Circuit Court for review of the EAB's decision. The writ of certiorari was granted by the Honorable James E. Graves, Jr., and the circuit

court reversed the decision of the EAB. The circuit court held that "Group III, Number 11 offenses clearly involve acts of segregation which would constitute negligence if left without reprimand or suspension to the actor." The circuit court further held that Caruthers violated established federal and state regulations against employment segregation. As a result, the circuit court reversed the EAB's decision as not supported by substantial evidence and being arbitrary and capricious.

Aggrieved by the circuit court's decision, Caruthers appeals to this Court and assigns the following issue as error:

**WHETHER THE CIRCUIT COURT ERRED IN REVERSING THE EAB'S DECISION THAT CARUTHERS HAD NOT COMMITTED A GROUP III, NUMBER 11 OFFENSE.**

## STANDARD OF REVIEW

A state agency may appeal a final decision of the EAB to the circuit court through a petition for writ of certiorari. *Gill v. Mississippi Dept. of Wildlife Conservation*, 574 So. 2d 586, 590 (Miss. 1990). Miss. Code Ann. § 11-51-93 provides the level of review by the circuit court to "be confined to the examination of questions of law arising or appearing on the face of the record and proceedings." Miss. Code Ann. § 11-51-93 (1972). This Court in *Gill* stated:

> At first blush this would seem to pretermit any review of the facts and even our normal inquiry whether there may be substantial evidence to support the decision of the Employee Appeals Board. On the other hand, should the record and proceedings below reflect a decision wholly unsupported by any credible evidence, we would regard that decision as contrary to law and, as a matter appearing on the face of the record or proceedings, subject to modification or reversal. We thus are in our familiar posture of judicial review of administrative processes wherein we may interfere only where the board or agency's decision is arbitrary and capricious, accepting in principle the notion that a decision unsupported by any evidence is by definition arbitrary and capricious.

*Gill*, 574 So. 2d at 591. Likewise, if the hearing officer's findings of fact are supported by any evidence, then the officer's findings of fact are not arbitrary and capricious, and "this Court's scope of review is limited to a review of questions of law." *Mississippi Employment Sec. Comm'n v. Collins*, 629 So. 2d 576, 579 (Miss. 1993) (citing *United Cement Co. v. Safe Air for the Env't, Inc.*, 558 So. 2d 840 (Miss. 1990)). Where the lower court exceeds its authority in overturning an agency decision, this Court will reverse and reinstate the agency's decision. *Board of Law Enforcement Officers Standards & Training v. Butler*, 672 So. 2d 1196, 1199 (Miss. 1996); *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So. 2d 1211, 1215 (Miss. 1993); *Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc.*, 598 So. 2d 778, 782 (Miss. 1992). Thus, this Court's analysis turns on whether the circuit court erred in finding the EAB's decision to be arbitrary and capricious and unsupported by any credible evidence.

## DISCUSSION OF LAW

**WHETHER THE CIRCUIT COURT ERRED IN REVERSING THE EAB'S DECISION**

**THAT CARUTHERS HAD NOT COMMITTED A GROUP III, NUMBER 11 OFFENSE.**

Caruthers asserts that the trial court committed error by reversing the EAB's decision that he had not committed a Group III, Number 11 offense. Violation of a Group III, Number 11 offense involves the following:

> Acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

Mississippi State Employee Handbook 58 (Rev. 1994). Caruthers asserts that before he could be punished for violating a rule, he had a constitutional right to be reasonably informed of what the rule prohibited. Caruthers further contends that the language of a Group III, Number 11 offense is too vague to include his action of holding an all-white employees meeting for the purpose of investigating a complaint by a white employee.

The United States Supreme Court has held that "lack of precision is not itself offensive to the requirements of due process." *Roth v. United States*, 354 U.S. 476, 491 (1957). However, the Court has stated that the "'Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices . . . .'" *Roth*, 354 U.S. at 491 (quoting *United States v. Petrillo*, 332 U.S. 1, 7-8 (1947)). This Court has followed the same analysis in determining whether statutes and guidelines provide sufficient warning. *See Gardner v. State*, 531 So. 2d 805, 809 (Miss. 1988) (applying vagueness test set forth in *Roth*); *Cassibry v. State*, 404 So. 2d 1360, 1368 (Miss. 1981) (same).

This Court recently stated the proper analysis to be applied when determining whether an employee had committed a Group III, Number 11 offense. *See Johnson v. Mississippi Dept. of Corrections*, 682 So. 2d 367 (Miss. 1996). In *Johnson*, a secretary working for the MDOC was terminated under a Group Three, Number 11 offense for failing to turn in a package, believed to contain items normally sent to inmates, received by her at work to security or internal affairs. *Johnson*, 682 So. 2d at 368. Instead, testimony from a co-worker revealed that Johnson had asked him to deliver the package to a housing unit for inmates. *Id.* Johnson was stopped in her vehicle later that afternoon, and a search of the package revealed that it contained marijuana. *Id.*

In determining whether a Group III, Number 11 offense was committed, this Court stated that the "ultimate question is whether Johnson's actions were reasonable under the circumstances." *Id.* at 370. This Court further stated that violation of a Group III, Number 11 offense "requires a determination that the employee's conduct was of such a nature that continued employment of that person would constitute negligence on the part of the agency." *Id.* In determining that Johnson had committed a Group Three, Number 11 offense and termination was warranted, this Court concluded that an "abundance of credible evidence exists suggesting that Johnson is 'otherwise unfit,' due to her apparent propensity to smuggle packages to criminals." *Johnson*, 682 So. 2d at 370.

Likewise, in the case sub judice, whether or not Caruthers committed a Group III, Number 11 offense should turn on whether his actions were reasonable under the circumstances. Evidence was

presented before the hearing officer that Caruthers held the all-white meeting in response to instruction by his supervisor to investigate the complaint of a white employee of discrimination or harassment. There was also credible evidence before the hearing officer by Mr. Bond, Caruthers' supervisor, that he did not see anything wrong with Caruthers conducting a meeting of all the white employees for the purpose of investigating the complaint made by the white employee of discrimination.

Additional evidence was presented that both of Caruthers' supervisors were not aware that the holding of a meeting of only one race was proscribed conduct and that both did not consider Caruthers' actions to constitute a Group III offense. As neither of Caruthers' supervisors were aware that the holding of a meeting of only one race was proscribed, the language of a Group III, Number 11 offense does not provide a "'sufficiently definite warning'" that the holding of a meeting of only one race was "proscribed conduct when measured by common understanding and practices . . . .'" *Roth*, 354 U.S. at 491 (quoting *Petrillo*, 332 U.S. at 7-8). Thus, the charge, a Group III, Number 11 offense, against Caruthers is too vague to include that the holding of an all-white meeting for the purpose of investigating complaints by a white employee of discrimination would constitute negligence in regard to the agency's duties to the public or to other state employees. As a result, there was credible evidence before the hearing officer to support his finding that the agency's action taken against Caruthers was not warranted and did not fit under a Group III, Number 11 offense. Thus, the hearing officer's conclusion that Caruthers' actions were reasonable under the circumstances and his suspension unwarranted was not arbitrary and capricious, and as such, the circuit court erred in reversing the EAB's decision as arbitrary and capricious. *Gill*, 574 So. 2d at 591.

MDHS contends that Caruthers' actions violated federal and state regulations against employment segregation and that as a result, the hearing officer and EAB's decision to reinstate Caruthers was arbitrary and capricious and contrary to law. However, Caruthers was not suspended for violating federal and state regulations which could have been the basis of a Group III, Number 16 offense which allows suspension, demotion or dismissal for a "willful violation of State Personnel Board policies, rules and regulations." Mississippi State Employee Handbook 58 (Rev. 1994). Section 7.30 and appendix H of the Mississippi State Personnel Board Policy and Procedures Manual set forth SPB's policy of equal employment opportunity in accordance with federal and state regulations. However, this Court finds that since Caruthers was not charged with this violation, he should not have been suspended for his actions, and thus, the hearing officer and EAB's decision can not have been said to be arbitrary and capricious or contrary to law where Caruthers did not commit the offense for which he was suspended.

MDHS further contends that the circuit court correctly found the EAB's decision as contrary to law because the decision was beyond the EAB's authority. In support of this contention, MDHS cites Rule 21B of the EAB Administrative Rules which provides as follows:

> The Employee Appeals Board may modify an action of a responding agency but may not increase the severity of such action on the appealing party. If the responding agency has acted in accordance with the published policies, rules and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the Employee Appeals Board shall not alter the action taken by the agency.

However, the EAB found that the action taken by MDHS was not in accordance with its published policies as it concluded that the action taken by MDHS was not warranted. Thus, since the EAB found MDHS's action was not warranted, then it was within the authority of the EAB to reinstate Caruthers to his original position and order back pay. *See* Miss. Code Ann. § 25-9-131 (1991) ("The employee appeals board may modify the action of the department, agency or institution but may not increase the severity of such action on the employee.").

## CONCLUSION

There exists substantial evidence to support the findings of the EAB, and as such, its findings are not arbitrary and capricious or contrary to law. There was credible evidence for the hearing officer and the EAB to hold that Caruthers was not racially insensitive, treated all employees fairly, and did not intend to discriminate against anyone. *Gill*, 574 So. 2d at 591. Where the lower court exceeds its authority in overturning an agency decision, this Court will reverse and reinstate the agency's decision. ***Board of Law Enforcement Officers Standards & Training v. Butler***, 672 So. 2d 1196, 1199 (Miss. 1996); ***Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors***, 621 So. 2d 1211, 1215 (Miss. 1993); ***Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc.***, 598 So. 2d 778, 782 (Miss. 1992). Thus, we reverse the decision of the circuit court finding the decision of the hearing officer and EAB as arbitrary and capricious. Further, we reinstate the decision of the EAB reinstating Caruthers to his original position and ordering backpay for time suspended.

**REVERSED AND RENDERED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**