MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. The Employee Appeals Board (EAB) cannot alter an agency’s employee-discipline decision when the agency properly followed its regulations. But the EAB can reinstate a dismissed employee who has shown the acts leading to his termination did not occur. The Mississippi Department of Corrections (MDOC) dismissed its employee, Paul Pennington Jr., claiming he had used inmates to construct a deer stand on the grounds of the Mississippi State Penitentiary (Parchman) and then lied about it to investigators. Pennington appealed to the EAB, which reinstated him, finding he had met his burden to show the evidence did not support the MDOC’s allegations. The Hinds County Circuit Court affirmed the EAB’s decision. Because we find the EAB’s decision was supported by substantial evidence, we affirm the circuit court’s judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. For more than ten years, Pennington worked for the MDOC’s Inmate Legal Assistance Program (ILAP) at Parchman. In November 2007, someone tipped off MDOC’s Corrections Investigation Division (CID) that he was building a deer stand behind the ILAP building.
 

 ¶ 3. Pennington admitted to CID investigators that he was building and painting a deer stand on Parchman’s grounds, which he intended to place on his hunting land. He explained he was using his own tools, was not working on the stand while on the clock at work, and had not used inmate labor.
 

 ¶ 4. The CID enlisted a polygraph examiner to question Pennington about the deer stand. The CID also questioned inmates. One inmate, Alvin Rochelle, who had green paint on his hands at the time of the interview, initially told investigators he was helping Pennington paint the deer stand. However, he later recanted and refused to sign a statement admitting he had helped with the deer stand.
 

 ¶ 5. After an administrative hearing, the MDOC sent Pennington a Notice of Termination of Employment. The notice informed Pennington he was being dismissed because the MDOC found Pennington guilty of the following Group III offense:
 

 An act or acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negli
 
 *638
 
 gence in regard to the agency’s duties to the public or to other state employees.
 

 The notice specifically charged Pennington with (1) directing and/or allowing two inmates to construct and paint a deer stand on Parchman’s grounds- and (2) providing false information to CID’s investigators about using his own tools, not working while on the clock, and not having inmates assist him with the stand.
 

 ¶ 6. Pennington appealed to the EAB, which conducted a de novo hearing before Hearing Officer Faltón Mason. Pennington testified he did all of the work -on the deer stand himself, with his-own tools, and without inmate help. The MDOC’s polygraph examiner testified that the polygraph results indicated Pennington was not being completely truthful. Pennington called Rochelle, who had initially implicated Pennington during the CID’s investigation. Rochelle explained that he got the green paint on his hands while painting a shelving unit. He testified that when he tried to correct his statement to make clear he did not work on the stand the CID told him that he would receive a rules'-violation report for lying. Pennington also called his supervisor. She testified that she was never contacted during the CID’s investigation. And if she had been, she would have recommended, even if the CID’s allegations were true, that Pennington at most be suspended, not terminated.
 

 ¶ 7. Officer Mason found Pennington sustained his burden of proof to show the MDOC’s accusations were not supported by substantial evidence. Officer Mason based his findings on testimony from the hearing, the inconclusiveness of the polygraph examination, and the CID’s failure to interview Pennington’s immediate supervisor. Officer Mason reinstated Pennington but determined some punishment was in order because Pennington had violated security procedures by bringing his personal tools to Parchman. Officer Mason denied him back pay, which essentially amounted to a three-month suspension.
 

 ¶ 8. The full EAB affirmed Officer Mason’s decision to reinstate Pennington without back pay. The MDOC appealed to the Hinds County Circuit Court, which found the EAB’s decision was supported by substantial evidence. The MDOC timely appealed the circuit court’s judgment.
 

 LAW
 

 A. Scope of the EAB’s Authority
 

 ¶ 9. The MDOC argues the EAB had no authority to reduce Pennington’s punishment because Pennington’s termination was permitted by agency rules and regulations, which allow for dismissal of an employee who commits a Group III offense.
 

 ¶ 10. Mississippi Code Annotated section 25-9-131(1) (Rev.2010) gives the EAB authority to conduct a de novo review of an agency’s adverse employment decision. The EAB may modify the decision but cannot increase the severity of the punishment.
 
 Id.
 
 However, the EAB’s statutory authority is “tempered by the EAB’s own rules.”
 
 Miss. Dep’t of Human Servs. v. McNeel,
 
 869 So.2d 1013, 1017 (¶ 18) (Miss.2004) (citing
 
 Johnson v. Miss. Dep’t. of Corr.,
 
 682 So.2d 367, 370 (Miss.1996)). The EAB must also comply with State Personnel Board Rule 10.44.22(B) (Rev. 1999) — formerly EAB Rule 20(b) — that restricts the EAB’s authority to modify an agency’s decision “if the personnel action taken by the responding agency is allowed under said policies, rules and regulations[.]”
 
 [1]
 

 McNeel,
 
 869 So.2d at 1017 (¶ 18).
 

 
 *639
 
 ¶ 11. A dismissed employee has the right to appeal his dismissal to the EAB. Miss.Code Ann. § 25-9-131(1). The burden of proof is on the appealing employee. Miss.Code Ann. .§ 25-9-127(1) (Rev.2010). The employee must “furnish evidence that the reasons stated in the notice of dismissal or action adversely affecting his compensation or employment status are not true or are not sufficient grounds for the action taken[.]”
 
 Id.
 

 ¶ 12. The circuit judge in this case correctly summed up the scope of the EAB’s authority. The EAB may only modify a decision if it concludes: (1) the agency did not act in accordance with published policies, rules, and/or regulations; (2) the employee was punished too severely; or (3) the employee met his burden of proof showing that the alleged acts that led to his termination did not occur. Miss.Code Ann. §§ 25-9-127(1); -131(1).
 
 See McNeel,
 
 869 So.2d at 1017 (¶ 18). Therefore, if the EAB found Pennington, had proved the acts alleged by the MDOC did not occur, the EAB had statutory authority to reinstate Pennington, regardless of the MDOC’s strict adherence to its agency rules.
 
 McNeel,
 
 869 So.2d at 1019 (¶ 23).
 

 B. Scope of Judicial Review
 

 ¶ 13. Although this case involves two agency decisions — (1) the MDOC’s termination and (2) the EAB’s reinstatement— judicial review is limited to the record before the EAB hearing officer. Miss. Code Ann. § 25-9-132(2) (Rev.2010).
 
 See Miss. Dep’t of Corr. v. Smith,
 
 883 So.2d 124, 129 (¶ 14) (Miss.Ct.App.2004). The purpose of the review is “to determine if the action of the employee appeals board is unlawful for the reason that it was: (a) Not supported by any substantial evidence; (b) Arbitrary or capricious; or (c) In violation of some statutory or constitutional right of the employee.” ¡Miss.Code Ann. § 25-9-132(2).
 

 ¶ 14. Officer Mason found the evidence at the EAB hearing did not support the MDOC’s allegations of a Group III offense.
 
 See Miss. Dep’t of Corr. v. Harris,
 
 831 So.2d 1190, 1193 (¶ 15) (Miss.Ct.App.2002) (role of hearing officer to determine whether employee showed agency’s decision was incorrect). Our inquiry turns on whether the EAB’s decision affirming Officer Mason’s reinstatement of Pennington was supported by substantial evidence.
 
 Smith,
 
 883 So.2d at 128-30 (¶¶ 14-17) (inquiring whether the EAB’s decision was supported by substantial evidence, as opposed to searching for substantial evidence to support the employing agency’s original decision);
 
 see McNeel,
 
 869 So.2d at 1018 (¶ 19) (quoting
 
 Delta CMI v. Speck,
 
 586 So.2d 768, 773 (Miss.1991)) (defining “substantial evidence” as “relevant evidence as reasonable minds might accept as adequate to support a conclusion”).
 

 DISCUSSION
 

 ¶ 15. We find this case similar to
 
 McNeel.
 
 In
 
 McNeel,
 
 the EAB affirmed the same hearing officer’s finding that the Mississippi Department of Human Services’ termination decision was not supported by the substantial weight of the evidence.
 
 McNeel,
 
 869 So.2d at 1018 (¶¶ 20-21). Like the MDOC in this case, the MDHS argued its decision to terminate its employee could not be reversed because it had followed its rules and regulations.
 
 Id.
 
 at 1019 (¶ 23). But the Mississippi Supreme Court affirmed the EAB’s reinstatement of the employee because the “record clearly supported] the hearing officer’s findings that MDHS’s allegations [were] not supported by substan
 
 *640
 
 tial evidence.”
 
 Id.
 
 (affirming order to reinstate employee with back pay).
 

 ¶ 16. In the case before us, Officer Mason held that the MDOC’s stated reasons for Pennington’s Group III offenses were not supported by substantial evidence. He specifically found Pennington met his burden of proof by showing he neither used inmates to build the deer stand nor lied to investigators. In reaching this decision, Officer Mason found both Pennington’s and his supervisor’s testimony credible. Officer Mason also noted his skepticism of the CID’s version of its interview with two inmates, ■ who both ultimately refused to sign written statements, much less testify that they worked on the deer stand. Finally, Officer Mason was not persuaded by the MDOC’s polygraph results, which he found inconclusive on the charge that Pennington lied to the CID.
 

 ¶ 17. As in
 
 McNeel,
 
 the EAB was not bound by the MDOC’s decision merely because the MDOC followed its rules and regulations. Instead, it had the authority to consider Pennington’s claim that the MDOC’s basis for the termination did not occur. Because we find the EAB’s decision is supported by substantial evidence, we uphold the circuit court’s affirmance of Pennington’s reinstatement without back pay.
 

 ¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . The current version of this EAB policy is found in Mississippi State Personnel Board
 
 *639
 
 Employee Appeal Board Rule XXIV(B) (Rev. March 1, 2010).