IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of Glenn Todd Wilson’s termination from the Mississippi Department of Corrections (MDOC) for falsifying official documents. Wilson appealed his termination to the Employee Appeals Board (EAB), which affirmed his termination. Wilson then requested a review by the Full EAB, which also upheld his termination. Wilson appealed to the Forrest County Circuit Court, which affirmed the EAB. Feeling aggrieved, Wilson appeals and asserts that there is insufficient evidence supporting his termination and that the disciplinary action taken was too severe.
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. Wilson worked as a Field Officer III at the Forrest County Probation and Parole Office. On November 11, 2008, Wilson was away from the office, so his supervisor, Michael Upshaw, oversaw the reporting process for offenders normally supervised by Wilson. Thomas Bouchee, an offender assigned to Wilson, reported to the office that day. When Bouchee signed his “Report Verification Form,” which offenders sign each time they report to the office, Upshaw noticed that his signature was notably different from the preceding signatures on the form. When he questioned Bouchee about the disparity, Bouchee stated that “it had been a long time since he had signed his file.” Up-shaw inspected the remainder of Bou-chee’s file and noticed that the signature on the “Firearms and Voting Laws Form” did not match the signature he had just obtained.
 

 ¶ 4. Upshaw reviewed the files of four other offenders and noticed additional signature discrepancies. When Wilson returned to the office, Upshaw questioned him regarding the files. Wilson admitted to signing offenders’ names to documents, but he explained that he had done so because one offender had a cast on his hand, another had a child in her arms, and one was elderly. He also admitted that there were other files where he had signed offenders’ names. However, he denied that he had signed documents on behalf of Bou-chee.
 

 ¶ 5. The MDOC charged Wilson with violating two Group III offenses:
 

 
 *854
 
 Falsification of records, such as, but not limited to, vouchers, reports, time records, leave records, employment applications, or other official state documents. An act or acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency’s duties to the public or to the state employees.
 

 According to the Mississippi State Employee Handbook, commission of one Group III offense may result in the following disciplinary actions: (1) written reprimand, (2) suspension without pay for thirty days, (3) demotion, or (4) dismissal. The MDOC terminated Wilson based on the above offenses.
 

 ¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶7. When reviewing a decision of an administrative agency, an appellate court employs a limited standard of review.
 
 Miss. Transp. Comm’n v. Anson,
 
 879 So.2d 958, 963 (¶ 12) (Miss.2004). Accordingly, we will not disturb the agency’s decision absent a finding that it was: “(a) [n]ot supported by any substantial evidence; (b) [arbitrary or capricious; or (c) [i]n violation of some statutory or constitutional right of the employee.”
 
 Id.
 
 at (¶ 13) (quoting Miss.Code Ann. § 25-9-132(2) (Rev.2010)).
 

 ¶8. Wilson argues that the circuit court erred in affirming the EAB’s decision to uphold his termination. Specifically, Wilson alleges that the EAB’s decision was not supported by substantial evidence and was arbitrary and capricious.
 
 [1]
 
 Additionally, Wilson argues that a lesser punishment would have been more appropriate given the nature of his offense.
 

 ¶ 9. At the hearing before the EAB, Upshaw testified that after he noticed the inconsistent signatures in Bouchee’s file, he reviewed the files of four other offenders who reported to Wilson. His review of the files revealed inconsistent signatures on official documents, including report-verification forms, firearms, and voting-rights forms, and waivers of extradition. Up-shaw testified that the report-verification form is used to verify that an offender properly reports to his supervising officer. He further testified that Wilson’s practice of signing in for some offenders, raised questions about whether those offenders had properly reported. Additionally, Up-shaw explained that the firearms-and-voting-rights form and the waiver of extradition are used in court proceedings.
 

 ¶ 10. Wilson admitted to signing documents for offenders, but he explained that he did so because one offender had a cast on his hand, one was holding her child, and another was elderly. Wilson also admitted to signing documents on behalf of a “few” other offenders. However, Wilson claimed that there was no standard operating procedure regarding file maintenance among probation offices. He explained that when he worked at the Pearl River County Probation and Parole Office, officers maintained files electronically and did not routinely keep paper files. However, Upshaw testified that in the Hattiesburg office, “[ejverybody is supposed to be doing a paper file.” Additionally, Charles Burnell, the Assistant Director of Community Corrections, testified that he had never heard
 
 *855
 
 of a field officer signing documents on behalf of offenders. Burnell further testified that as of July 2007, all offices were required to keep paper and electronic files in accordance with the American Correctional Association (ACA) guidelines. Wilson acknowledged in his testimony that he knew about the ACA requirements regarding file maintenance.
 

 ¶ 11. Based on our review of the record, there was substantial evidence in support of the MDOC’s decision to terminate Wilson. While Wilson denied signing documents in Bouchee’s file, he admitted to signing official documents in other offenders’ files. Additionally, Wilson admitted that he was aware of the ACA requirements regarding file maintenance. Finally, Wilson acknowledged that the Pearl River County office’s procedures were “totally different” from those of the Forrest County office. Thus, there was sufficient evidence that Wilson had falsified official documents. This issue is without merit.
 

 ¶ 12. Wilson contends that a less severe punishment was warranted based on the nature of his offense and on the fact that he had never been counseled regarding his job performance prior to this incident. While the EAB may modify an agency’s adverse employment decision, its authority is restricted where the personnel action taken by the agency is permissible under the policies, rules, and regulations of the Mississippi State Personnel Board.
 
 Johnson v. Miss. Dep’t of Corrs.,
 
 682 So.2d 367, 369 (Miss.1996) (concluding that the EAB erred in setting aside an agency’s decision to terminate an employee who committed a Group III offense given that termination was a permissible disciplinary action under personnel policies). However, the EAB is not bound by an agency’s decision simply because it followed its rules and regulations — the allegations against the employee must be supported by substantial evidence.
 
 Miss. Dep’t of Corrs. v. Pennington,
 
 59 So.3d 636, 639-40 (¶¶ 15-17) (Miss.Ct.App.2011).
 

 ¶ 13. As discussed above, MDOC’s allegation that Wilson falsified records was supported by substantial evidence. Falsification of records constitutes a Group III offense and may result in the following disciplinary actions: a written reprimand, suspension without pay for up to thirty working days, demotion, or dismissal. Wilson’s punishment was a permissible disciplinary action based on his violation. Furthermore, the fact that Wilson had never been disciplined prior to this incident is of no moment.
 
 See Walley v. Miss. Dep’t of Corrs.,
 
 766 So.2d 60, 64 (¶ 15) (Miss.Ct.App.2000) (rejecting an employee’s argument that his demotion for a Group III offense was inappropriate given that he had never been disciplined before).
 

 ¶ 14. Because there was substantial evidence that Wilson committed the Group III offense of falsification of official documents, and termination was a permissible disciplinary action, the EAB did not err in affirming the MDOC’s decision to terminate Wilson. Likewise, the circuit court did not err in affirming the EAB. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.
 

 [1]
 

 . Wilson has not suggested on appeal that the EAB's decision was in violation of his constitutional rights.